VICKSBURG & MERIDIAN RAILROAD COMPANY v. MARY
PHILLIPS, ADMINISTRATRIX.

1. ADMINISTRATOR. *Injury resulting in death of intestate. Action for damages. Section 2078, Code of 1880, applied.* •

   An administrator, by virtue of § 2078, Code of 1880, which authorizes the prosecution by the personal representative of any personal action whatever which the decedent might have commenced and prosecuted, may recover damages for an injury inflicted by a railroad company, and which resulted in the death of such decedent.

2. SAME. *Action for injury to decedent. Section 2079, Code of 1880, considered.*

   And the right to bring such action under § 2078 is not impaired by § 2079 of the code, which specifically authorizes an action by an administrator or executor for any trespass done to the person or property, real or personal, of the decedent.

3. SAME. *Right to recover for death of person. Section 1510, Code of 1880, distinguished.*

   Such right of action in the administrator is distinct from and independent of the right given by § 1510, Code of 1880, to the next of kin to recover for the death of a person caused by the wrong or negligence of another.

4. RAILROAD COMPANY. *Injury from locomotive and cars. Presumption under § 1059. Code 1880. Precedent wrong.*

   In an action for damages against a railroad company on account of injury to a person, whenever it is proven that such person has been injured by being struck by a locomotive or cars of a railroad company, then § 1059, Code of 1880, applies, and makes that fact *prima facie* evidence of a want of reasonable care on the part of the company, and the fact that a precedent wrong on the part of the injured person produced the conditions which resulted in the injury does not prevent the application of the statute.

5. SAME. *Injury by running of locomotive or cars. Circumstances proven. Section 1059, Code 1880, applicable.*

   When the circumstances accompanying the infliction of injury by the running of a locomotive or cars of a railroad company are in evidence before the jury trying an action for damages for such injury, it is proper for the court to instruct them, at the instance of the defendant, that it is for them to decide the question of skill and care in reference to such injury from the circumstances proven. Presumption should yield to facts where they are sufficiently shown. But it is not error in such case for the court to instruct the jury (under § 1059, Code of 1880) that the law presumes wrong and imputes blame from the fact of injury inflicted by the running of such locomotive or cars.

Appeal from the Circuit Court of Hinds County.

Hon. T. J. Wharton, Judge.

In August, 1885, the Vicksburg and Meridian Railroad Company ran an excursion train from Vicksburg to Jackson. The train was on the side track at Jackson, a brass band was inside of one of the cars playing, and the train began to move backward, preparatory to leaving for Vicksburg, when Jo. Brantley, a boy about eleven years old, attracted by the music, jumped on the train and entered the car. A man, apparently an employee of the railroad company, came into the car, cursed Brantley and his companions, and ordered them out of the car, and in their efforts to escape and get off the train Brantley fell between the cars and was run over and horribly mutilated. He survived until October, 1885, when, after having suffered much from his injuries, he died. Having no mother, father, or other nearer relative, his aunt, Mary Phillips, took out letters of administration, and, as such administratrix, brought this action for damages against the railroad company for the injury to Brantley personally and to his estate. The defendant plead the general issue.

On the trial the plaintiff proved the circumstances of the injury complained of, the character of the wound inflicted on the boy, his suffering and death, and the expenses paid for medical attention, nursing, and burial of the deceased boy.

The court instructed the jury for the plaintiff as follows:

"1. Ordinarily the burden of proof is upon a plaintiff throughout to establish his right to a recovery, but in this case the jury is instructed that if the plaintiff has proved that the injury complained of in the declaration was inflicted on the track of the railroad company and by the running of its locomotive or cars, this is *prima facie* evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury and imposes the burden of proof upon the defendant to show that it was not guilty of negligence as to this.

"2. The fact that boys not passengers were in the habit of boarding defendant's trains at Jackson and thereby causing annoyance and inconvenience to the agents and employees of the com-

pany would not of itself justify the employees of the company in forcibly and violently, or by threats of violence, expelling the deceased boy from the train while in rapid motion or while moving at a dangerous rate of speed, if this was done.   And this is true even if the jury believe from the evidence that the deceased was without a ticket and not lawfully on the train.   The fact that Jo. Brantley was a trespasser upon the defendant's train would not of itself justify the agents of defendants in forcing him or expelling him from the train in a rough and insulting and violent manner, or while the train was in rapid motion, if this be proven."

The court refused the following instructions for the defendant :

" 1.  The court instructs the jury to find in this case for the defendant railroad company.

" 2.  If the jury believe from the evidence that the plaintiff allowed Joseph Brantley to go to the railroad depot to see the excursion train and go upon the train to see the band and listen to the music, and the said Brantley did go upon the train and into defendant's car without lawful authority of the railroad company or its servants, his presence in the car was unlawful and the defendant company owed him no duty and is not liable for the injury unless its servants, after discovering the presence of the child on the train and in the effort to exclude him, acted wantonly and willfully in excluding him from the train, or actually pushed him off while the train was running at a dangerous rate of speed.

" 3.  Before the plaintiff in this action can recover the jury must be satisfied from the evidence that Joseph Brantley was lawfully in defendant's coach, and that he was by intimidation, threats of personal violence, and menacing gestures, compelled to leave the car while in rapid motion, or was assaulted and forcibly, violently, and unlawfully ejected from said car while in rapid motion.   If, while on the car unlawfully, the said Brantley was by one of the defendant's servants, acting within the scope of his authority, ordered out of the cars and was actually alarmed by the manner of such servant, but in the effort to get out fell between the coach and flat car in rear of it and was crushed, the train not then going at more

than three, four, five, or six miles an hour, the plaintiff cannot recover, and the jury will find for the defendant.

" 4. The court instructs the jury that if they find for the plaintiff, the measure of damages is the amount of money expended by the plaintiff on account of her intestate; damages for mental and physical pain and injury and for the death of the plaintiff's intestate, Brantley, are not recoverable in this action.

" 5. The court instructs the jury that if they believe from the evidence that the deceased, Joseph Brantley, contributed in any way to his injury and damage, the jury will find for the defendant."

The Code of 1880 contains the following provisions :

"Section 1513. When either of the parties to any personal action shall die before final judgment, the executor or administrator of such deceased party, either plaintiff or defendant, shall have full power to prosecute or defend such action to final judgment."

"Section 2078. Executors, administrators, and collectors shall have full power and authority to commence and prosecute any personal action whatever at law or in equity which the testator or intestate might have commenced and prosecuted. And they shall also be liable to be sued in any court in any personal action which might have been maintained against the deceased."

"Section 2079. Executors and administrators shall have an action for any trespass done to the person or property, real or personal, of their testator or intestate against the trespasser, and recover damages in like manner as their testator or intestate might have done if living, and the money so recovered shall be assets, and accounted for as such."

"Section 1510. Whenever the death of any person shall be caused by any such wrongful or negligent act or omission as would if death had not ensued have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, and such deceased person shall have left a widow or children, or both, or husband or father (or mother, Acts of 1884, p. 75), the person or corporation, or both, that would have been liable if death had not ensued, and the representatives of such person,

shall be liable for the damages notwithstanding the death, and the action may be brought in the name of the widow for the death of her husband, or by the husband for the death of his wife, or by the parent for the death of a child, or in the name·of a child for the death of an only parent, the damages to be for the use of such widow, husband, or child, except that in case a widow should have children, the damages shall be distributed as personal property of the husband.   In every such action the jury may give such damages as shall be fair and just with reference to the injury resulting from such death to the person suing, but every such action shall be commenced within one year after the death of such deceased person."

"Section 1059. In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of the locomotives or cars of such· company shall be *prima facie* evidence of the want of reasonable skill and care on the part of the servants of such company in reference to such injury."

The jury rendered a verdict in favor of the plaintiff for eight hundred and fifty dollars, and from the judgment thereon the defendant appealed.

*W. L. Nugent,* for the appellant.

1. The right to sue as administratrix can only arise, if at all, under the statutes·of the State, and we proceed now to inquire into that.

The suggestion that an action would lie under § 2079 of the code is hardly worth consideration, since § 2078 distinctly limits the class of cases *to an actual trespass to person or ·property committed by one person to the person or property of another,* and does not even remotely include actions against corporations or persons for damages occasioned by negligence.   But does § 2078 embrace an action for negligence within the category of personal actions? What was the common law on the subject?   And to what extent is it modified by the statute ?

The right to recover for an injury to the person resulting in death did not exist at the common law, but is of very recent origin, depending wholly upon the statutes of the different States.   *Den-*

*nick* v. *Railroad Co.*, 103 U. S. 21. Conceding this to be true, we must look wholly to the statutes to discover what, if any, changes have been made in the common law, and these statutes must be construed as a whole. In doing this it is important to consider that the courts construe strictly statutes passed in derogation of the common law, assuming that the legislature did not intend to change it further than it has expressed an intention to do so. *Holman* v. *Bennett*, 44 Miss. 322.

The question recurs, what did the legislature mean by the use of the words "personal actions" in § 2078 of the Code of 1880? Clearly not actions for personal injuries resulting in death, for these were not known to the common law, and were not recognized at all even under the amendments antedating Lord Campbell's act, of which our statute on the subject, § 1510 of the code, is almost a literal copy. Section 2078 of the code supplies its own interpretation. The personal representative can institute *personal actions which his testator or intestate might have commenced and prosecuted and no other.* It is believed and respectfully submitted that these actions must be such only as affect the estate of the deceased. Certainly the intestate of the appellee could not maintain this suit, as he has passed beyond the reach of harm or damage of any kind, and he had no estate of any kind.

Section 2079 of the Code of 1880 extends the right of action for trespass done to the person or property, real or personal, of the testator or intestate, to the administrator or executor against the trespasser, and allows the recovery of damages "in like manner as the testator or intestate could have had if living."

It is clear, therefore, that the personal actions in § 2078 do not include actions for trespass done to the person or property of a testator or intestate, and made, in consequence, special provision for their surviving in favor of an executor or administrator.

These actions for trespass, however, did not extend to cases of injuries resulting in death provided for by another section of the code, and if the lower class of such cases is not included in the class of personal actions provided for in § 2078 of the code, manifestly the higher class, those resulting in death, are not.

It follows, then, that the appellee cannot maintain her suit under § 2078 or 2079 of the code, it not being averred or proved that the estate of the intestate suffered a particle of damage because of the injuries received or suffered by him.

2. Does this case fall within § 1510, Code of 1880? That section is equally explicit with the others above discussed. It relates to, covers, and includes *cases of liability for negligence*—prescribed in § 1054 of the code—the want of care, caution, attention, diligence, skill, or discretion in the performance of an act by one having no positive intention to injure the person complaining thereof, or the omission to perform a duty imposed by law for the avoidance of injury to persons or property. It amends the common law, but only to the extent stated. Whenever a party entitled to such action dies, "and shall have left a widow or children, or both, or husband or father or mother, the person or corporation, or both, that would have been liable if death had not ensued and the representative of such person shall be liable for such damages, notwithstanding the death."

In this case the child left no mother or father surviving him, and certainly no widow or children. The scheme of the statute is too plain for argument. It makes no provision for a suit in favor of an administrator. In some other States this is done, with the express provision that the damages recovered are to inure to some one lawfully entitled to the services of the deceased for a support.

Neither at the common law nor under our statute, on the facts of the case, was the appellee entitled to a verdict and judgment.

3. Having refused the charge first asked, on its own theory of the case, the court should have given the other instructions asked by the appellant.

4. The charges given for the plaintiff did not correctly state the principles of law applicable to the case presented by the pleadings and evidence. The statute was invoked as furnishing a rule of evidence and was not correctly stated by the court, if it had any bearing at all on the case. In all actions against railroad companies for damage done to persons or property proof of injury by

the running of the locomotives or cars of such company shall be *prima facie* evidence of the want of reasonable skill and care on the part of the servants of such company in reference to such injury. Section 1059, Code 1880. The court instructed the jury that proof of injury inflicted *on the track*, no matter how, *and* by the running of the cars gave rise to the presumption fixed by the statute. The charge was misleading and did not fairly state the proposition in view of the facts. The boy Brantley was on the train and in one of the defendant's cars. As stated in the declaration, he was *lawfully on the train,* and must have been a passenger. If a passenger he was standing in the relation of a contract with the appellant and could not invoke the rigid rule of evidence prescribed by the statute. *Railway Co.* v. *Trotter,* 60 Miss. 446.

But if the case could be tried on the facts without reference to the declaration could the statute be invoked? The right to a recovery in this case depended wholly *upon the negligence · of the company or its servants in the operation of the train as to one on the train.* Section 1054 of the code imposes liability upon the company for all damages which may be sustained by any person in consequence of the neglect or mismanagement of engines by engineers or the neglect or mismanagement of any of the company's agents or clerks; but that section cannot be connected with § 1059 so as to apply the latter to an injury however inflicted. Injury inflicted by the *running of the locomotives or cars upon a person not on the train is the test.* Brantley was on the train and fell from the platform while escaping from the cars.

It is true that he was injured by the running of the cars after he fell, but the facts preceding and concurrent with the accident were all before the jury and were developed by the plaintiff. The question of negligence was thus, by the act of the party, dependent wholly upon the facts, and there could reasonably be no presumption whatever. The presumption must give place when the facts are in evidence, and the statute never was intended to apply in such cases.

*W. L. Nugent* also argued the case orally.

*Brame & Alexander,* for the appellee.

1. This is not an action for the death of the intestate. *It is brought to recover damages for the injuries to him and his estate.* Section 1510 of the code, under which the father or mother or other person named may sue for the death of the person injured, is not invoked.

This is an action for damages to the *deceased.* We only ask to recover such damages as he would be entitled to if he were alive and the plaintiff in the case.

The injury was inflicted upon him while living, and the damages which we seek to recover accrued before his death. This being the case, the plaintiff, as administrator, has a right to sue to recover the damages as a part of his estate. Section 2078 of the code provides that executors and administrators shall have power and authority to commence and prosecute *any personal action whatever* which the intestate might have commenced and prosecuted. And § 2079 provides expressly that the personal representative may maintain an action for *any trespass done to the person or property of the deceased.* It is, of course, conceded that this action could not have been maintained by the administrator at common law, because the rule was that personal actions died with the person. But if the sections of the code above referred to do not effectually change this rule, we are unable to understand how a change could be accomplished. It is unnecessary to examine the decisions of courts as to the meaning of §§ 2078 and 2079, because the plain language of these sections cannot be misunderstood. Statutes somewhat similar to this, it is true, have been held not to include the right of the personal representative to recover for *damages to the reputation and the like,* but then those courts hold that such damages as we sue for in this case may be recovered by the personal representative. *Ward* v. *Blackwood,* 41 Ark. 295; *Bancroft* v. *R. R. Co.,* 11 Allen (Mass.) 34; *Norton* v. *Sewall,* 106 Mass. 143. In this last case the injury resulted in death within a few hours.

It is said by counsel that this action did not survive under §§ 2078 and 2079 of the code, because the injuries resulted in death, and for which an action could be maintained under § 1510. There may be *two actions,* one by the personal representatives for

*injuries to the deceased during his lifetime,* and the other by the father or mother or other persons entitled to sue for his death. The two actions are totally different and distinct. They are supported by different evidence, and the measure of damages is not the same in the two. But in cases where the injured person lingers and damages accrue, then there may be under our statute two actions. Field on Damages, § 644; *Needham* v. *R. R. Co.*, 38 Vt. 294.

2. The first instruction for the plaintiff is simply the application of § 1059 of the code. The statute was intended to cover just such a case as this. The object was to compel the railroad company in case of an injury like this *to bring up its employees and explain the circumstances,* to avoid the imputation of negligence or misconduct. The case of *R. R. Co.* v. *Trotter,* 60 Miss. 446, has no application to this case whatever. In the Trotter case it was held that § 1059 of the code was not applicable, because by its very terms it applies to cases in which the injury is caused by the " running " of the cars; and in that case the train was standing still when the plaintiff fell from it and was injured. In the next place it was held that the statute was not applicable, because the plaintiff was a passenger, protected by the strict rules of liability applicable to the contract relation between the passenger and a common carrier.

We have not in any phase of this case invoked the strict rules of liability holden in favor of passengers.

3. The instruction to find for the defendant was, of course, refused. The case depended solely and entirely upon the two questions of fact to be determined by the jury, namely : first, whether the injury was caused as alleged, and, secondly, the amount of damages.

*L. Brame* and *C. H. Alexander,* counsel for the appellee, argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

The right of the administratrix to sue and recover whatever damages her intestate might recover, if living, is indisputable.

Code, §§ 2078, 2079.   If Jo. Brantley had sued, as he might, and died while the action was pending, it would have survived to his administrator by virtue of § 1513 of the code.   Section 2078 authorizes the prosecution by the personal representative of any personal action whatever which the decedent might have commenced and prosecuted, and § 2079 specifically authorizes an action for any trespass done to the person or property, real or personal, of the decedent.   The last named may have been unnecessary, but it cannot be held to limit the comprehensive language of § 2078. Certainly it authorizes this action, even if it is a limitation of the preceding section.   It probably sprung from the determination to secure the survival of this kind of action.

It is found as art. 46, p. 485, of Code of 1857, while the original of § 2078, *supra*, is art. 119, p. 455, Code of 1857.   It is manifest that the death of Jo. Brantley did not destroy the right of action, for, had he commenced an action, it would have survived by § 1513, as stated above, and § 2079 plainly provides for the institution of such an action by the personal representative.   Section 1510 provides for an action to recover for the death of a person, and it is entirely distinct from and independent of an action by the personal representative.   They may co-exist, but have no connection.

The instructions asked by the defendant were all properly refused.   It was for the jury to decide whether, under the circumstances, the defendant was liable in damages for having used improper means of clearing its train of boys improperly on it, and the court rightly refused to give any of the instructions asked by the defendant.

We find no fault with the instructions for the plaintiff.   The first is in accord with § 1059 of the code.   The injury sued for was inflicted by the cars of the defendant when running, and the fact that a precedent wrong produced the conditions which resulted in the injury does not prevent the application of the statute.   If Jo. Brantley had been on the ground, and been injured by the running train, it would not be denied that the statute applied. Whenever a person or thing is struck and injured by locomotive

or cars, the statute applies. That is its language, and we cannot limit it so as not to include all cases embraced by its terms.

If proof of injury inflicted by the running of locomotive or cars shows the circumstances and furnishes exculpation from the presumption of want of care and skill created by the statute, that is sufficient. The statute does not require the company to furnish exculpatory evidence when the facts shown acquit of blame. It means that injury inflicted unexplained calls for exculpation, for it imputes blame in every case of injury inflicted by the running of locomotive or cars until the facts shown relieve from the imputation. When the facts appear, no matter how, it is a question determinable from them whether or not there was want of reasonable skill and care.

The statute was enacted to meet cases where the manner of the injury inflicted is not known to others than the employees of the railroad company, but it is equally applicable where a cloud of witnesses see the injury. It is not needed there, it is true, but it is not error to invoke it, for the law affects the railroad company with liability, *prima facie*, in every case of injury inflicted by the running of its locomotives or cars. If the evidence showing the injury inflicted rebuts the presumption, well, but if it does not, the presumption created by law from the fact of the injury in this mode is to stand and control.

It is proper for the court, at the instance of the defendant, to instruct the jury that when the circumstances accompanying the infliction of injury by the running of locomotive or cars are in evidence before them, it is to decide the question of skill and care in reference to the injury from those circumstances. Presumption must yield to facts where they are all known. But it cannot be said to be erroneous to instruct the jury that the law presumes wrong and imputes blame from the fact of injury inflicted by the running of locomotive or cars, for that is precisely what § 1059 does.

*Affirmed.*