J. F. HAMLIN *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD CO.

RAILROADS. *Injury. Presumption. Instruction. Code* 1892, § 1808.

> In a suit against a railroad company, after instructing under § 1808, code 1892, that proof of injury by the running of cars is *prima facie* evidence of defendant's negligence, if the facts connected with the injury are in evidence, it is proper to instruct, further, that the jury will determine the case upon the facts, and not upon the presumption. *Railroad Co.* v. *Phillips*, 64 Miss., 693.

FROM the circuit court of Tunica county.

HON. R. W. WILLIAMSON, Judge.

Action by appellant against appellee. From a judgment in favor of defendant, this appeal is prosecuted. The opinion states the facts.

Section 1808, code 1892, provides that in actions against railroad companies for damage to persons or property, proof of injury inflicted by the running of locomotives or cars of the

defendant shall be *prima facie* evidence of the want of proper skill and care on the part of the company in reference to the injury.

*F. A. Montgomery, Jr.*, for appellant.

I submit that the verdict is wrong on the proof, and therefore a new trial should have been granted.   *Bedford* v. *Railroad Co.*, 65 Miss., 385.

I especially urge that the third instruction for defendant is erroneous.   Its effect was absolutely to withdraw from the jury the *prima facie* case which attached upon proof of the injury.   The plaintiff was entitled to the benefit of this presumption throughout the whole case.   An instruction should not assume disputed facts as proven.   *Myrick* v. *Wells*, 52 Miss., 149; *French* v. *Sale*, 63 *Ib.*, 386.

It should have been left to the jury to say whether or not the presumption of negligence was rebutted.   *Railroad Co.* v. *Phillips*, 64 Miss., 693.   In *Bourgeois* v. *Railroad Co.*, 66 Miss., 3, it was said that when the circumstances attending the injury are shown, the case must be determined on the facts, and not upon presumption; but it was not meant that the presumption is to be withdrawn from the consideration of the jury.   This presumption, like that of innocence in a criminal case, continues throughout the trial, and is to be disregarded only when it is overthrown by proof, as to which the jury must be the judge.   Plaintiff is entitled to have the jury instructed as to this presumption, and it was not proper for the court to instruct that the facts in the case were proven.

*Mayes & Harris*, for appellee.

This judgment should be affirmed, if for no other reason than for the fact that it is a record breaker, and stands as a curiosity in modern jurisprudence, in that it is a mule case in which a jury has decided in favor of a railroad company.

But, aside from this, it should be affirmed because there was

no error of law committed. The third instruction, which is complained of, is fully supported by authority. 62 Miss., 170, 503; 64 *Ib.*, 693; 66 *Ib.*, 3.

A simple question of fact was involved, and the verdict is supported by the evidence.

COOPER, C. J., delivered the opinion of the court.

This is a suit brought by appellant against the appellee to recover the value of two mules killed by a train of the appellee. The circumstances of the killing were fully testified to by eye witnesses for the plaintiff and by the servants of the company in charge of the train and other eye witnesses for the defendant. Of this evidence it is sufficient to say that, according to the testimony for the plaintiff, the injury was negligently inflicted, but, according to that for the defendant, it was unavoidable.

By the first instruction for the plaintiff, the court told the jury that proof of the killing was *prima facie* evidence of negligence on the part of the defendant, and to find for the plaintiff, "unless it appears, by a clear preponderance of the evidence, that the killing of one or both of said mules was unavoidable by the exercise of necessary care and prudence."

By the third instruction for the defendant, the jury was told that the fact being proved that the engine of the defendant struck and killed the mules, it was *prima facie* evidence under the statute of negligence, and, with no other evidence before it, the jury should find for the plaintiff; "but, in the case before the jury, the circumstances attending the injury are shown in evidence, and it will determine the case on the testimony, and not upon any presumption of negligence."

It is contended by counsel for appellant that the instruction for the defendant withdrew from the plaintiff the benefit of the presumption of the defendant's negligence, created by statute, from the fact of the proved killing of the mules, and it is insisted that this presumption, as a fact, should be considered by the jury throughout its deliberations.

We think the law was correctly given to the jury. It was told that the fact of the killing of the mules entitled the plaintiff to a recovery, unless, by a clear preponderance of the evidence, negligence was disproved, but, as all the circumstances of the killing were in evidence, the jury should determine the question from the facts, and not from presumption. The whole effect of the statute is to devolve upon the defendant the burden of proof of due care; it is not required to carry this burden, with the presumption of negligence again added as a rider. The precise question is decided in *Railroad Co.* v. *Phillips*, 64 Miss., 693.

*Affirmed.*