SOUTHERN RAILWAY COMPANY *v.* RUFUS L. MURRAY.

[44 South., 785.]

1. RAILROADS. *Killing live stock on track. 'Highway crossing. Instructions. Code* 1892, § 3547 (*Code* 1906, § 4046). *Signals.*

In an action against a railroad company for killing cattle at a highway crossing, proof that persons driving the cattle saw the approaching train for a greater distance than three hundred yards before it reached the crossing does not render inappropriate an instruction for the plaintiff, based on Code 1892, § 3547 (Code 1906, § 4046), making it the duty of the railroad company to equip each of its locomotives with a bell or steam whistle which can be heard distinctly for three hundred yards and to cause the bell to be rung or the whistle to be blown at least three hundred yards from the highway crossing and to keep the bell ringing or the whistle blowing until the locomotive has stopped or crossed the highway.

2. SAME. *Burden of proof. Code* 1892, § 1808 (*Code* 1906, § 1985). *Instruction.*

In an action against a railroad company for killing cattle on its track, an instruction in the language of Code 1892, § 1808 (Code 1906, §1985) to the effect that proof of injury inflicted by the running of the train is *prima facie* evidence of negligence on the part of the company is proper, although the presumption must yield to the facts.

FROM the circuit court of Lauderdale county.

HON. ROBERT F. COCHRAN, Judge.

Murray, appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there. From a judgment in plaintiff's favor, defendant appealed to the supreme court.

This case has been three times before the supreme court. *Southern R'y Co.* v. *Murray,* 39 South., 478; *Ibid.,* 42 South., 1047.

Plaintiff sued for the killing of two cows by defendant's

locomotive on a highway crossing over defendant's track. The testimony was sharply conflicting.

Plaintiff's witnesses testified that the lay of the land and the location of houses, trees, etc., were such that there was no difficulty in the engineer's seeing the cows upon the track, lessening the speed of his train, and giving timely warning by bell or whistle. The engineer and other witnesses for the railroad company testified that by reason of the topography of the country, the location of houses near the track, and the early hour, 6:30 a. m. on a December morning, the cows could not have been seen before they were seen, not until they were very near, and that as soon as they were seen such precautions as could be taken were taken to avoid injuring them. The case was submitted to a jury, under instructions of the court, and the verdict was for the plaintiff.

The railroad company assigns for error the action of the court below in granting the two following instructions for the plaintiff:

" The court charges the jury, for the plaintiff, that the law requires that every railroad company shall cause each locomotive engine run by it to be provided with a bell of at least thirty pounds weight or a steam whistle which can be heard distinctly at a distance of three hundred yards, and shall cause the bell to be rung or the whistle to be blown at the distance of at least three hundred yards from the place where the railroad crosses over any highway or street, and the bell shall be kept ringing or the whistle shall be kept blowing until the engine has stopped or crosses the highway or street; and if the jury believe, from the evidence in this case, that the defendant failed to ring the bell or blow the whistle at the highway or street crossing, then the defendant is guilty of negligence."

" The court charges the jury, for the plaintiff, Murray, that, in all actions against railroad companies for damage done to persons or property, proof of injury inflicted by the running of the locomotives or cars of such company shall be

*prima facie* evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury."

*Bozeman & Fewell,* for appellant.

While Code 1906, § 4045, requires every railroad company to furnish each of its locomotives with a bell of thirty pounds' weight, or a steam whistle which can be heard distinctly at a distance of three hundred yards, and, further, requires the bell to be rung or the whistle to be blown at the distance of at least three hundred yards from a railway crossing, and continue such warning of the locomotive's coming until it has passed the crossing, yet under the circumstances shown in evidence it was erroneous in the lower court to instruct the jury that under such law and under the facts shown in evidence, if the jury should find that the defendant company failed to ring the bell or blow the whistle at the highway or crossing at Fourth avenue, then they must find the defendant guilty of negligence. It is perfectly clear, in fact it was testified to by every witness for the plaintiff, that those present when the cows were injured knew of the approaching train while it was at least a quarter mile from the crossing. In fact the plaintiff's witnesses testified that they were trying to get the cows off of the track for some time before the train reached the crossing, and that as they would run one cow off another would come forward upon the track. Under the circumstances the giving of a charge to the jury based upon the above statute was prejudicial to the appellant. The charge was in effect a peremptory instruction to find for the plaintiff. The objects and purposes of the statute have been so often discussed by this court that we do not care to discuss them, save to say that its purpose is to give notice to pedestrians, cattle, etc., on the crossing of the approach of a train.

The court also erred in granting for the plaintiff the instruction based on Code 1906, § 1985, reciting that injury

to persons or property by railroads is *prima facie* want of skill on the part of the servants of the company in reference to such injury. The facts as to the killing were clearly shown; hence there could be no reason for presumptions nor any *prima facie* rule applicable. All of the witnesses to the killing were placed upon the witness stand. The facts were fully developed upon the trial. Ths court has often held that where all of the facts were in evidence, the above statute as to to *prima facie* evidence was not applicable. *Hamlin* v. *Yazoo, etc., R. R. Co.,* 72 Miss., 39; 16 South., 877; *Nichols* v. *Railroad Co.,* 83 Miss., 126; 36 South., 192; *Korter* v. *Gulf, etc., Railroad Co.,* 87 Miss., 482; 40 South., 258.

In the case of *Nichols* v. *Railroad Co., supra,* the question here in issue was gone into at length, and the statute in question was fully discussed by learned counsel for the then appellee. Mr. Justice TRULY, in rendering the court's decision, stated: " Where all the circumstances connected with an injury resulting from the running of a railroad train are in evidence, this removes all necessity for resorting to legal presumption, because the presumption must always give way to proof." The case of *Korter* v. *Railroad Company, supra,* is to the same effect, as the court, in there affirming the judgment of the lower court, held that the statutory presumption of negligence ceased to be controlling upon the introduction of testimony showing all of the facts of the case.

*Brahan & McCants,* for appellee.

In the case of *Louisville R. R. Co.* v. *French,* 69 Miss., 121, this court, in construing Code 1880, § 1048 (now Code 1906, § 4045), held that the statute did not apply to crossings in towns and cities, but only to crossings in the country. And the record in the present appeal shows that the railroad crossing over the public highway where the cattle were killed, was in the country, without the corporate limits of Meridian; and the learned counsel for the railroad company were careful, to

show this in evidence in order to dodge the statutory liability for running railroad trains at over six miles per hour within the limits of a municipality.

In answer to appellant's objection to the instruction for the plaintiff, based upon Code 1906, § 1985, prescribing that proof of injury to persons or property by railroads is *prima facie* evidence of want of skill, etc., we say that the statute is a valid one, and, under the long line of decisions of this court on this statute, it has been held that after the " *prima facie* " case has been shown in evidence the *onus pro bandi* shifts to the defendant railroad company to exonerate itself from negligence. *Railroad Co.* v. *Phillips,* 64 Miss., 693; 2 South., 537; *Young* v. *Railroad Co.,* 40 South., 870; *Railroad Co.* v. *Turner,* 40 South., 355.

CALHOON, J., delivered the opinion of the court.

It was not error to charge the jury that the railroad company was negligent if it did not ring the bell or blow the whistle before crossing the highway. Code, 1906, § 4045. The instruction does not say that, because of that negligence, verdict must be for recovery if there was contributory negligence, and astute counsel for the company took good care of this in their instructions.

It was not improper to give the charge, under Code 1906, § 1985 (Code 1892, § 1808), that the damage done was *prima facie* evidence of want of care. *Vicksburg Ry. Co.* v. *Phillips,* 64 Miss., 693; 2 South., 537. This may always be invoked where the injury is done by the running of the locomotives or cars, but, of course, must yield to established facts. Here there was sharp conflict in the testimony, and here also counsel took abundant care of the railroad company in their instructions. The cases of *Hamlin* v. *Railroad Co.,* 72 Miss., 39; 16 South., 877; *Nichols* v. *Railroad Co.,* 83 Miss., 126; 36 South., 192, and *Korter* v. *Railroad Co.,* 87

Miss., 482; 40 South., 258, cited by counsel for appellant, in no degree affect this conclusion.   We approve those cases.

We decline to disturb the verdict on the facts.

*Affirmed.*