NEW ORLEANS & NORTHEASTERN RAILROAD CO. *v.* READY.

No. 41386 February 22, 1960 118 So. 2d 185

200

*M. M. Roberts,* Hattiesburg, for appellant.

202

*Claude F. Pittman, Jr., Francis T. Zachary,* Hattiesburg, for appellee.

GILLESPIE, J.

Lee Ready was the plaintiff below and is the appellee here. New Orleans and Northeastern Railroad Company was the defendant below and appeals to this Court from a jury verdict and judgment for plaintiff below.

Appellee sued appellant for personal injuries and property damages resulting from a collision between appellee's automobile and appellant's switch engine. The collision occurred at night while appellee was driving his automobile east on Market Street in the City of Hattiesburg where said street crosses a series of railroad tracks of appellant. The tracks run generally north and south. Appellant was traveling ten or fifteen miles per hour as he approached the railroad tracks with which he was familiar, having frequently traveled across them. He failed to stop at the railroad stop sign located west of the westernmost track and continued across the tracks without looking to the right or left, but looking straight ahead. He reached the fourth track, on which appellant's switch engine was proceeding south at a speed of

about four or five miles per hour, at about the same time as the engine. The engine struck the automobile on the left front. Appellee did not see the engine until it was within about four or five feet of his automobile. The windows of appellee's automobile were open. Appellee had normal hearing. The engineer operating appellant's train saw appellee's automobile when it was about 125 feet from the train. The evidence was in conflict as to whether the engine's bell was ringing. Appellant does not contend the whistle was blown. The area where the collision took place was well lighted from overhead street lights. The evidence was conflicting as to whether an employee of appellant was standing in the street on or near the track used by the engine waving a lantern.

 █ Appellant first contends it was entitled to a peremptory instruction. His contention is based on the reasoning contained in the opinion of this Court in New Orleans & Northeastern Railroad Company v. Burge, 191 Miss. 303, 2 So. 2d 825. We do not think the Burge case is in point on the facts. We do not hesitate to say that the evidence shows appellee was guilty of negligence contributing to the collision. The question is whether the jury was justified in finding that appellant was guilty of negligence proximately contributing to the collision. Whether the bell on appellant's engine was ringing was in direct conflict, and it was the function of the jury to resolve this issue and determine whether appellant's employees failed to ring the bell and whether such failure was a proximate cause of appellee's injuries.

We are also of the opinion that the jury had a right to find that it should have been reasonably apparent to appellant's engineer that appellee's automobile was not going to stop and that in the exercise of reasonable care the engineer should have stopped the engine and avoided the collision. The testimony is undisputed that appellant's engineer saw appellee's automobile when it

was about 125 feet away. The jury had a right to find on appellant's own testimony that the train was traveling four or five miles an hour and that the train could have been stopped in ten or fifteen feet. It is true that this theory of negligence is not specifically charged in the declaration, but one of appellant's instructions presented this issue to the jury.

We are of the opinion that the Court may not rightfully deny the jury the right to function in the area of proximate cause in a case like this. Section 7776, Code of 1942. The trial court correctly refused appellant's requested peremptory instruction.

Appellant next assigns as error the giving of an instruction to plaintiff which appears on page 20 of the record. This instruction told the jury that the law requires a railroad corporation, in the operation of its trains where the tracks cross a municipal street, to give a signal, notice, or alarm 300 yards before reaching the street crossing by ringing its bell *and* blowing its whistle, etc. Section 7777, Code of 1942, requires only that the railroad company ". . . shall cause the bell to be rung *or* the whistle or horn to be blown. . ." (Emphasis added). This was reversible error. The statute does not require both signals to be given. Gulf & S. I. RR Co. v. Simmons, 150 Miss. 506, 117 So. 345. Cf. Railway Co. v. Murray, 91 Miss. 546, 44 So. 785. This error was not cured by other instructions.

Appellant next contends that the lower court erred in giving plaintiff the instruction appearing at page 19 of the record. Appellee charged in his declaration that city ordinance required the railroad to erect and maintain sufficient lights at all places where the tracks of the railroad cross a public street of sufficient power and brilliancy to properly and sufficiently light the streets at such crossing; that appellant had failed in this regard; and that such failure was the proximate cause of the injuries to appellee. The ordinance was

introduced in evidence. It was error to grant the instruction in question because the evidence showed without dispute that the place where the accident happened was well lighted. Moreover, appellee testified without equivocation that the absence of light had nothing to do with the collision. He so testified more than once. He testified that four city lights at the crossing enabled him to see up and down the tracks easily; that there was plenty of light there and "it wasn't because of no light" that the accident occurred. Appellee's other witness testified that there was plenty of light at the crossing and that it was "just about like daylight; yes, sir, it was."

■■ There was no evidence to support the instruction. An instruction should not be given on a charge of negligence not supported by any proof. See cases 14 Miss. Digest, Trial, Key No. 252.

■■ Appellant next assigns as error the giving to appellee the following instruction: "The court instructs the jury for the plaintiff that under the law every railroad corporation operating or controlling a railroad track intersecting a public road or street at grade crossings shall erect and maintain a sign-board on each side of the railroad track not less than ten feet from the ground to the top of said sign on the right side of the road, forty inches by fifty inches, fifty feet from said crossing, which shall be painted with red lettering to insure warning of the proximity of the said crossing and notice to stop said vehicles."

The record shows without dispute that there is a stop sign west of the series of railroad tracks. Appellee testified that he did not stop at the sign but kept going ahead across the tracks, which are close together in a continuous series. Furthermore, appellee knew the tracks were there and had used the street for some years. He also testified that he was looking for one thing only, and that was a flagman with a lantern; that there was usual-

ly a flagman there with a lantern when a train was coming and in the absence of the flagman he just kept going across the tracks. Under these circumstances, appellee could not recover based on any failure to maintain the sign for the several reasons suggested in the facts. The instruction itself correctly states the duty of a railroad with reference to signs; however, it should not have been given because it is not supported by the evidence.

■■■ It is not argued but the questioning of the witnesses suggests that the railroad company is required to maintain a sign fifty feet from each track crossing Market Street. Where there is a series of railroad tracks parallel and close to each other there is no requirement that a sign should be placed at each of the tracks. One sign fifty feet from the first track is sufficient. Otherwise a motorist would have to stop repeatedly when crossing a series of tracks.

Appellant contends it was error to give appellee the following instruction: "The Court instructs the jury for the Plaintiff that if you believe from the evidence in this case that the flagman failed to flag the crossing at the time of the accident, then under the law, the Defendant would be liable for any injuries or damages sustained by the plaintiff as a result of the employees failure to so flag the crossing."

■■ ■ This instruction should not have been given. It peremptorily instructs the jury that the appellant is required to maintain a flagman at the crossing. We know of no statute or other authority placing this duty on the railroad as a matter of law.

For the errors mentioned, the judgment is reversed and remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.