LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* IRENE THOMAS.

### [40 South. Rep., 257.]

1. DEATH.  *Action for.  Child.  Legitimacy.  Burden of proof.*

   A parent suing for the death of his child need not, in the first instance, aver or prove the legitimacy of the child; if defendant seek to avoid a recovery on the ground of the child's illegitimacy, the burden is on him to prove the fact.

2. OVERHEAD BRIDGE BEAM.  *Contact with.  Facts necessary to recovery.*

   A parent suing a railroad company for the death of his child, averred to have been killed by being struck by an overhead beam extending across the track and constituting a part of a bridge, while performing his duties as brakeman on top of a moving train, has the burden of proving that the death was caused by the decedent's being so struck, and that the bridge was improperly constructed.

3. SAME.  *Instructions.*

   Instructions in such a case authorizing a verdict for defendant if the injury was caused by decedent's contributory negligence, or if his duties did not require him to stand on top of the train, or if he was advised of the fact that the bridge was improperly constructed and negligently exposed himself, or if it was doubtful whether he fell off the train or was struck by an overhead beam, submitted the issues of negligence and contributory negligence in as favorable a light as the defendant was entitled to have them submitted, and especially so where another instruction was given to the effect that it was not negligence in the company to maintain a bridge having an overhead beam too low for a brakeman to safely stand on top of the train while passing under it.

FROM the circuit court of Jackson county.

HON. WILLIAM T. McDONALD, Judge.

Mrs. Thomas, the appellee, was plaintiff in the court below; the railroad company, the appellant, was defendant there. From a judgment in favor of the plaintiff, for the sum of $999, the defendant appealed to the supreme court.

This suit was instituted by appellee for the death of her son, a brakeman in the employ of appellant. At the time of the accident, the train consisted of a number of box cars, and it was the duty of the deceased to apply the brakes on top of these cars. As the train approached the station of West Pascagoula and began to slow down for the station, the engineer having given the signal for brakes, the deceased climbed on top of one of the cars to apply them, and while so engaged the train began to cross the river, over which there was a steel bridge, so constructed that the overhead beams were not exceeding five feet above the tops of some of the box cars. One of these overhead beams is supposed to have struck the deceased on the head and to have knocked him from the train and killed him. There were no eye-witnesses to the accident, but several persons testified that they saw decedent climb on top of one of the cars, and one witness testified that he saw decedent standing at the brake and suddenly disappear when the train reached the bridge. The decedent was picked up at the end of the bridge, near the last overhead beam, and the nature of the wound in his head showed that he had received a severe blow.

The plaintiff contended, in the court below, that the bridge was improperly constructed and was unsafe and dangerous, and that the decedent, being in the discharge of his duties at the time on top of the car, was killed because of coming in contact with the overhead beam. The defendant contended that the bridge was properly constructed, and that the decedent was guilty of contributory negligence—negligence which contributed to and caused the injury resulting in his death.

*Gregory L. Smith,* for appellant.

In a suit by a mother for the death of a son that occurred prior to the act of March 11, 1904 (Laws 1904, p. 124), is it necessary to allege that the deceased was a legitimate child?

The cause of action in this case is entirely statutory, and prior to the act of March 11, 1904, existed only in favor of a mother for the death of a legitimate child. *Illinois, etc., R. R. Co.* v. *Johnson,* 77 Miss., 727 (s.c., 28 South. Rep., 753); *Alabama, etc., Ry. Co.* v. *Williams,* 78 Miss., 209 (s.c., 28 South. Rep., 853).

The right being statutory, every essential element thereof should be alleged. It is a fundamental rule of pleading that every fact necessary to give a right of action must appear in the declaration. 6 Ency. Pl. & Pr., 249.

The declaration simply states that the decedent was a son of the plaintiff, and there is nothing in the declaration from which a presumption of legitimacy can arise. The pleadings are always construed strongly against the pleader. *Clary* v. *Lowry,* 51 Miss., 577; *Powell* v. *Stower,* 47 Miss., 577; *McCerren* v. *Railroad Co.,* 73 Miss., 1013 (18 South. Rep., 420).

There was no causal connection between the company's carelessness in the construction of the bridge and the death of Willis Thomas. The proximate cause of his death was the act of the engineer—his fellow-servant—in calling him to brakes at an improper time; and, conceding that the maintenance of the overhead structure was negligence, it is not actionable in this case, because not shown to be the proximate cause of the injury complained of. To be actionable there must be negligence and resulting injury. 21 Am. & Eng. Ency. Law, 495.

Is it negligence *per se* to maintain a low bridge—that is, a bridge under which an employe cannot pass while standing upon the top of a car? In a case almost exactly like the one at bar the supreme court of Maryland said that "no negligence can be imputed to the company because the struts of the bridge were

not high enough to allow an employe to pass under them while standing upright on top of the cars." *Baltimore, etc., R. R. Co.* v. *Struke,* 51 Md., 47 (s.c., 34 Am. St. Rep., 291) ; *Pittsburg, etc., R. R. Co.* v. *Sentmeyer,* 92 Pa. St., 276 (s.c., 37 Am. St. Rep., 684) ; *Baylor* v. *Delaware, etc., R. R. Co.,* 40 N. J., 23.

The fact that the maintenance of a low bridge is not actionable negligence in itself is recognized by Code 1892, § 3553, which provides that warning strings shall be suspended from structures erected near the approaches to said bridge, and that a failure to provide such warning strings shall make the company liable for death caused by such bridge beam or other overhanging object; in other words, the law recognizes the right to maintain such a bridge, if the warning strings are properly provided near the approaches thereto.

*Neville & Wilbourn,* for appellee.

"A jury is always warranted in finding a railroad company culpably negligent whenever a dangerous object is not sufficiently elevated above its track to clear the heads of trainmen while they are standing or walking in an erect posture on top of freight cars." Labatt's Master and Servant, 182, 187, 189.

For a vigorous denunciation of overhead bridges, see Sherman & Redf. on Negligence, sec. 197.

Mr. Beach, in his work on Contributory Negligence, uses this language : "If the roof or overstructure of the bridge is so low that it will strike a brakeman standing erect upon the top of his train, it is an essentially murderous contrivance, and it is not creditable to our jurisprudence that such buildings are not declared a nuisance. There is nothing in the reports worse than the cases which sustain the railway corporations in building and maintaining these man-traps."

Was the overhead bridge an unsafe way within the meaning of Constitution 1890, sec. 193, and Code 1892, § 3559 ? It seems to us that this is too plain for argument. Counsel for

appellant argue that a low bridge is not a "defective appliance." That is not the question. They evade the issue. They do not, and of course will not, contend that the bridge was not a way, or that it was a safe way. It was so unsafe that it killed Willis Thomas and other employes of appellant. To use Mr. Beach's language, it was a "murderous contrivance."

Was the deceased guilty of contributory negligence at the time he was killed? Contributory negligence must be pleaded, and the burden is on the party pleading it. *Hickman* v. *Kansas City, etc., R. R. Co.,* 66 Miss., 154 (s.c., 5 South. Rep., 225); *Meyer* v. *King,* 72 Miss., 9 (s.c., 16 South. Rep., 245).

TRULY, J., delivered the opinion of the court.

The contention of the appellant that it was incumbent upon the appellee to aver, in her declaration, that the son for whose death she sued was the offspring of legitimate wedlock, is untenable. Legitimacy is presumed by the law, and one who seeks, in a case where such defense is available, to prevent a recovery on the ground that the plaintiff is not entitled to damages for the death of an illegitimate child, must interpose such defense and prove the same affirmatively by a preponderance of evidence. The instructions properly presented this question to the jury, and in the light of the facts developed by the record, we think their finding of legitimacy sustained by the weight of the testimony. We find no error in the instructions granted the appellee.

The question of whether appellee's intestate was guilty of contributory negligence under the facts of the case and the circumstances attendant upon the accident was properly submitted to the decision of the jury; so, also, was the question of whether the discharge of his duty called him to the place on the top of the car from which he was knocked, causing his death. It plainly appears that he took this place in obedience to a call for brakes sounded by the engineer, and that he was at the time at his place of duty, attempting to apply the hand brakes. It was

for the jury to say, under the facts of the case, whether he was guilty of negligence in so stationing himself. It was incumbent upon appellee to prove that the death was caused by decedent's being struck by the overhead beam of an improperly-constructed bridge. This burden is met to the satisfaction of the jury, not only by the testimony of one eyewitness, but, even beyond that, by the attendant circumstances of the accident, and the description, character, and location of the injuries causing the death.

Nor do we see that the appellant has just cause of complaint at any of the instructions denied it. As to three counts of the declaration it was granted peremptory instructions, and the other grounds of its defense were submitted in as favorable a light as the law warranted. The jury were told that if the injury was caused by the contributory negligence of the decedent, or if his duties did not require him to stand upon the top of the train, or even if the bridge was improperly constructed and too low for one to safely stand on the top of a train, if decedent was advised of this matter and negligently exposed himself, or if the jury were in a state of uncertainty, confusion, or doubt as to whether the decedent fell or was knocked off, they ought, in each stated instance, to find for the defendant, and that they had no right to surmise as to how the injury occurred independent of what the evidence showed. The appellant also received a misleading and questionable instruction—that it was not negligence for a railroad company to maintain a bridge having overhead beams too low for one to safely stand upon the top of a car when passing under them unless the duties of its employes called them to that place of danger. In our opinion, these instructions presented with the utmost liberality every possible defense arising out of the question of negligence and contributory negligence which the appellant was entitled to interpose.

There could not possibly be any ground of objection by appellant to the extremely small and inadequate amount awarded as damages by the jury.

*Affirmed.*