POOL *et al.* v. TOWN OF UNION *et al.*\*

[106 So. 518.    No. 25342.]

(Division A.    Jan. 4, 1926.)

APPEAL AND ERROR.    *Any error in dismissing bill, without prejudice to action at law, being favorable to, not subject for complaint by appellant.*

Any error in dismissing, without prejudice to action at law, bill to enjoin opening of street, or in the alternative for damages, was favorable to complainants, and so not ground for complaint by them; the evidence as to damages being conflicting.

---

*Headnote 1. Appeal and Error, 4 C. J., Section 2892.

Appeal from chancery court of Newton county. Hon. G. C. Tann, Chancellor.

Suit by S. A. Pool and another against the Town of Union and another. Bill dismissed, and complainants appeal. Affirmed.

*Byrd & Byrd,* for appellants.

The only question for decision is whether or not the court erred in refusing and failing to pass upon the question of damages to complainants' property. If the testimony was such that the court was unable to pass upon it, then it should have been remanded to rules for the taking of further testimony on the question of damages. It is elementary that the chancery court, having taken jurisdiction, will retain it for all purposes and settle all questions in the case regardless of the fact that one of the questions can be settled at law. In Mississippi Chancery Practice at page 31, sec. 28, we call attention to the authorities cited in the notes to this statement, which authorities hold that having taken jurisdiction, the court should determine all matters at issue in the case. *Atkinson* v. *Felder,* 78 Miss. 83, 29 So. 767; *Baker* v. *Nichols,* 111 Miss. 680, 72 So. 1; *R. R. Co.* v. *McConnell,* 127 Miss. 592, 90 So. 321; *Vicksburg Co.* v. *Citizens Co.,* 79 Miss. 354, 30 So. 725; *Robertson* v. *Krauss,* 129 Miss. 310, 92 So. 74; *Lumber Yard* v. *R. R. Co.,* 96 Miss. 116, 50 So. 445.; *Bozeman* v. *Hale,* 60 Miss. 966; *R. R. Co.* v. *Brooks,* 66 Miss. 595, 6 So. 467.

The town of Union, through its officers, had offered no compensation to complainants for any damage which might accrue to them by reason of the opening of the

street, and in fact, had expressed no willingness what-
ever to pay for any damages. We contend that this is
a necessary prerequisite before any authority, state,
county or municipal, has a right to open up any street
or road which could or would cause damage to abutting
property. *Hinds County et al.* v. *Johnson et al.*, 133 Miss.
591.

In the case at bar no opportunity was afforded to com-
plainants to propound their claim for compensation and
no notice was given to them in this regard. In other
words, the town of Union by its officers constituted it-
self judge, jury and executioner and, without any notice
to the complainants, decided to open the street and de-
cided that no damage would be done to complainants.
We take the position that it makes no difference what
the town officers who were engaged in the opening of the
street thought about the matter. The appellants swore
that they would be damaged, then it was incumbent upon
the court to inquire into the matter and determine wheth-
er or not they would be damaged; and if so, to award
them such damages as the testimony warranted and not
to postpone their right to recover to an action at law.
*Bomer Brothers* v. *Warren County*, 103 Miss. 343; *Baker*
v. *Nichols*, 111 Miss. 637.

It is our contention here that the chancellor had juris-
diction for the purpose of determining the right of the
town to open the street, etc., and that being true, he had
jurisdiction to furnish full relief by passing on the ques-
tion of damages.

*Amis & Dunn,* for appellees.

A number of witnesses were called on behalf of the
town of Union and all of them testified that no damage
would result to the appellants from the opening of the
street. It was plainly a case where the complainants
had failed to sustain by testimony any claim for dam-
ages, or to any relief, and the court could not have prop-

erly rendered any other decree than one dismissing the bill of complaint.

The only error the court committed in writing its decree was its attempt to reserve to the complainants in their failing cause the right to bring another suit in a court of law for the recovery of damages which they failed to prove on a full and final hearing of the case before the court. The error thus committed by the court was not prejudicial to the appellants in the state of the case which they had made out, but most favorable to them by giving them another chance to prove their claim for damages. A party to a judgment or decree may not complain of errors favorable to him inhering in such judgment or decree. *Dennis* v. *McLaurin,* 31 Miss. 606; *Kansas City, etc.,* v. *Doggett,* 67 Miss. 250; *Brookhaven Lumber Co.* v. *Railroad Co.,* 68 Miss. 432; *Ouilette* v. *Davis,* 69 Miss. 762; *Planters Compress Co.* v. *Ireys,* 16 So. 386; *Clisky* v. *Mobile, etc., Ry. Co.,* 78 Miss. 937; *L. & N. Ry. Co.* v. *Thomas,* 87 Miss. 600; *Independent Order of Jacob* v. *Wilkin,* 53 So. 493.

Again, under the rule that a judgment will not be reversed or a new trial granted where it is apparent from the whole record that a correct result has been reached, although errors may have been committed by the trial court, the decree of the lower court in this case should be affirmed. See I Miss. Digest, pages 152 and 153.

McGOWEN, J., delivered the opinion of the court.

Appellants S. A. and Lillie Pool filed their bill in the chancery court of Newton county, praying an injunction against the mayor and board of aldermen to prevent the opening of Pine street in the town of Newton adjacent to and adjoining their property, and praying, in the alternative, damages resulting from an opening of said street to their property in the event the chancellor held that the street should be legally opened by the town authorities.

An examination of the testimony in the case reveals that there was no valid objection raised by the appellants to the opening of the street by the town; and the evidence offered on the issue of whether or not complainants' property would be damaged by the opening of said street was conflicting.

Pool testified, on cross-examination, that he had erected a fountain on the street and had otherwise beautified it with trees and shrubs; had built a portion of his house extending over the street, a brick wall across the street; and that the damages accruing to him would be on account of the removal and destruction of these improvements which he had, without authority, made upon the street. But, upon further examination by his counsel, he seemed to base his claim for damages upon the fact that the town would, in opening the street, divert water upon his property. His wife testified to the same effect as to the damage from water. Many others, who testified on behalf of the town, were positive there would be no damage from water or otherwise to the property of the complainant.

Upon this proof the chancellor dissolved the temporary injunction which had been granted restraining the town authorities from opening the street, and, further, ordered that the bill be dismissed, "but without prejudice to the right of complainant to bring his action at law for any consequential damages which he may sustain by reason of the opening of the street in controversy after the same shall be opened." The decree also recited that the court could not determine the question of damages from the testimony in the case.

The only ground for reversal urged here is that the chancellor should have determined the question of damages in that proceeding, and, if not satisfied with the proof, should have remanded the case for further proof. In the state of this record this part of the decree here complained of was certainly in favor of the appellant,

the complainant in the court below, and preserved to him any possible right that might thereafter accrue to him.

It is true that equity may administer full and complete relief, having assumed jurisdiction of the subject-matter, and has the power to grant full relief; but it is likewise true that one may not complain in this court of a decree favorable to him. And if error was committed, which we are not called upon here to decide, it was in the complainant's favor. *Dennis* v. *Jones,* 31 Miss. 606; *Kansas City R. R., etc., Co.* v. *Doggett,* 67 Miss. 250, 7 So. 278; *Brookhaven Lumber Co.* v. *Railroad Co.,* 68 Miss. 432, 10 So. 66; *Louisville & Nashville R. R. Co.* v. *Thomas,* 87 Miss. 600, 40 So. 257.

*Affirmed.*