KANSAS CITY, MEMPHIS & BIRMINGHAM R. R. Co. *v.* HENRY
DOGGETT.

1. RAILROADS. *Injury to animals. Negligence. Presumption. Code* 1880, § 1059.
   In an action of damages against a railroad company for stock killed by a
   running train, proof of the injury and the value of the animals makes
   out a *prima facie* case of negligence under § 1059, code 1880, and it is then
   incumbent on the company to relieve itself of liability by showing circum-
   stances of excuse.

2. SAME. *Question for jury. Case in judgment.*
   In such action the engineer and conductor testified that the animals injured
   were first seen about half way between the track and a parallel fence
   which was 75 feet distant therefrom ; that they ran ahead along the fence
   about 200 feet to where it turned and still following it, went upon
   the track, and were struck ; that signals were promptly sounded,
   brakes applied, and all possible efforts made to prevent injury ; that the
   train, a heavily loaded freight, running ten miles an hour, could not be
   stopped under 500 feet. The plaintiff's testimony tended to show that
   the point of accident was about 330 feet from where the animals were first
   seen ; that their fresh tracks, running on the railroad the whole distance,
   were seen very soon after the injury, and that the train ran up a heavy
   grade for half a mile just before the striking. *Held,* that it was proper
   to refuse a peremptory instruction for defendant.

3. SUPREME COURT. *Verdict; when not disturbed.*
   In such case a finding in favor of plaintiff on the controverted facts, though
   it may be unsatisfactory, will not be disturbed : it cannot be said that
   there is no evidence to support the verdict.

4. SAME. *Amount of verdict. When appellant cannot complain.*
   A defendant cannot question a finding in favor of the plaintiff, on the
   ground that under the evidence the recovery, if anything, should have
   been larger, and therefore that there is no evidence to support the ver-
   dict for the amount named.

FROM the circuit court of De Soto county.

HON. W. M. ROGERS, Judge.

Action against the railroad company for killing stock.

By plaintiff's fourth instruction the court laid down the statutory
rule that proof of the killing of the animals in question was *prima
facie* evidence of negligence on the part of the employés of the

railroad company, and imposed upon the defendant the burden of showing to the satisfaction of the jury that the injury could not have been prevented by the exercise of reasonable care, and the instruction closed with the following : " If upon this point, as to exercise of reasonable care and diligence by defendant, the weight of evidence and credibility of witnesses is equally balanced, then the law is for the plaintiff, and the jury must so find."

No witness for the plaintiff saw the killing, but the animals were discovered shortly after the injury. Two witnesses for plaintiff testified that they were engaged in business at Miller's station, near which the injury occurred ; that they walked on the railroad going to dinner, and saw no tracks of animals on the same ; that a train passed while they were at dinner, and shortly afterwards they walked back down the railroad and saw the injured animals at the trestle ; that they then observed fresh tracks of animals on the road between the rails, indicating that the stock had been running in the direction of the trestle. One of the witnesses testified that these tracks extended on the railroad about 112 yards below the trestle.

The testimony showed that some of the animals—a mare, a mule, and colt—were killed, and were worth about $275, but were assessed for taxation at $150. Verdict in favor of plaintiff for $175. Motion for new trial overruled. Defendant appeals.

The other material facts are stated in the opinion of the court.

*J. W. Buchanan,* for appellant.

1. The presumptive case made by proof of the killing was met and entirely overcome by the testimony of the engineer and conductor, both of whom saw the accident and give a reasonable account of the same. If they are to be believed, the injury was unavoidable.

There is not a single fact contradictory of the positive testimony of these witnesses, except that tracks were seen on the railroad after the injury. It seems to us a violent presumption to say both witnesses swore falsely, because these tracks were seen. There is nothing to show when these tracks were made, or by what animals.

There is no testimony whatever to contradict the testimony of the engineer and conductor as to the distance within which the train could be stopped. This case is unlike *R. R. Co.* v. *Toulmé*, 59 Miss. 288. In that case there was a conflict, the testimony of the witnesses for the railroad company was controverted by the marks on the track, showing that the horse had been dragged some distance. Here there is no conflict. The mere fact that tracks were found on the railroad amounted to nothing in view of the positive testimony of two credible witnesses. The court should have given the peremptory instruction to find for defendant.

2. The last part of plaintiff's fourth instruction is erroneous. It assumes that there was a conflict of evidence involving the credibility of some of the defendant's witnesses, which is not true. It was based upon the assumption that the existence of tracks afterwards found on the railroad necessarily contradicted the engineer and conductor, and it was, therefore, misleading.

It is a mere conclusion of plaintiff's counsel, and not a fact proved by any witness, that the tracks were those of the animals injured. The witness, Box, did not mean to say that they were, for he could not know.

3. If plaintiff was entitled to recover anything, the verdict should have been for $275. There is no evidence to support a verdict for $175.

*Buchanan & McKay*, for appellee,

Filed a lengthy brief, making the following points :—

1. Proof of the killing and the value made out a *prima facie* case for plaintiff. Code 1880, § 1059.

2. To meet this presumptive case, defendant introduced the engineer and conductor, whose testimony is not only improbable, but is directly contradicted by the physical facts in proof. The evidence shows that the animals were chased up the track over three hundred feet, and the train was going up a steep grade and could have been easily stopped. Surely the defendant did not meet the burden of proof as to this injury.

3. There being a conflict in the evidence, it was clearly proper to

refuse the instruction to find for defendant, and to leave the disputed questions of fact to the jury.   The jury were warranted in disregarding the testimony of the defendant's witnesses.   *R. R. Co.* v. *Toulmé,* 59 Miss. 288 ; *Ross* v. *R. R. Co.,* 62 Ib. 23.   The evidence is positive as to the existence of the tracks of the animals on the railroad several hundred feet, leading up to the trestle, where they were caught.

4.  For the reasons above stated, it was proper to give plaintiff's fourth instruction.   The verdict is fully sustained by the evidence.

Woods, C. J., delivered the opinion of the court.

The killing of the stock, as alleged in the declaration, was proven, and was admitted by the appellant, on the trial below.   The value of the stock was also proven.   The *prima facie* case for the plaintiff, under our statute, was thus made out, and it then became incumbent on the railroad company to relieve itself from liability by showing circumstances of excuse or justification for such killing.

Responding to this requirement, the railroad produced as witnesses the conductor and engineer of the train which caused the injuries complained of, and by them showed that they first saw the stock when they were running by Miller's station ; that the stock were 35 or 40 feet distant, and between the roadbed and a fence which ran parallel with the track of the railroad from that point until it reached a point opposite the trestle, where the stock was injured and killed, where the fence made a right angle, ran to and was joined upon a post in the trestle ; that the stock first ran towards the train, but turned and ran diagonally across towards the fence, and then turned up the fence and followed it around to the track, where they jumped on it, immediately in front of the train, and so received their injuries ; that as soon as the stock was seen brakes were applied, signals sounded, and every effort used to prevent an accident ; that the train was composed of sixteen cars, loaded with pig-iron, and the engine was carrying 160 pounds of steam ; that it could not have been stopped under 500 feet, and that the distance from the station, when the stock was first seen, to the trestle, where the accident occurred, was only about 200 feet.

If the evidence had ended here the railroad company would have relieved itself of liability clearly; but the plaintiff further showed that the distance from the station to the trestle was about 336 feet; that from Coldwater river, a half mile below the station, to the trestle and much beyond, the grade is so heavy that trains often have difficulty in going over it, and that, now and then, trains are compelled to drop some of their cars at Miller's and make two trips before getting over the grade; that the tracks of the animals, fresh, and running directly upon the track from Miller's to the trestle, were seen very quickly after the accident.

This testimony, thus affecting the evidence of the conductor and engineer, was held by the court below sufficient to warrant it in refusing a peremptory instruction to the jury to find for the defendant. The conflict in the evidence was thought to be referable properly to a jury for its determination upon the facts. In this view we concur.

The 4th instruction for plaintiff was not improperly given. The evidence of the witness box shows that the tracks of these animals were seen, directly after the injuries, running down the track for about 300 feet, to the trestle where they were caught. The counsel for appellant insists that the witness did not mean this. We can only reply, that, as it is so written in the record, we feel bound to adhere to it, and to give it its natural meaning. In view of this testimony, the instruction rightly submitted the settlement of the discrepancy to the jury.

It is urged upon us that the verdict, in the amount of damages awarded, is unsupported by the evidence. This is true, if a verdict for $175 only, is unwarranted where the evidence shows the damages to have been $275; and it may be matter of regret that the jury did not do its full duty, as they adjudged the facts, and give the plaintiff more than the sum named in their verdict. But as the plaintiff, against whose interest the error was committed, makes no complaint, we do not see how we can reverse the judgment on this ground, at the suggestion of the party who is shown not to be wronged or injured thereby.

This is one of the many unsatisfactory causes which, on their

facts, peculiarly belong to the province of the jury, and is one we would be slow to disturb because of any supposed errors in the findings as to facts. We cannot say there is no evidence to support the verdict; we could not have said the verdict was unsupported by evidence if the jury had found for the defendant.

*Affirmed.*