## WILL HOLLINGSHED *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

### [55 South. 40.]

1. ACTIONS. *Negligence. Proof. Variance. Personal injury. Damages. Code 1906, section 1985.*

    In an action for damages for personal injuries where the declaration charges gross negligence and intentional wrong, the plaintiff may recover actual damages where only negligence is shown as the allegation of gross negligence includes negligence, the greater including the less.

2. WANT OF ORDINARY CARE. *Actual damages. Physical and mental suffering.*

    In an action for personal injury where the evidence shows that the injury complained of was the result of a want of ordinary care alone on the part of defendant, the plaintiff should recover not only for medical bills and loss of time, but also for physical pain, and mental suffering as the result thereof, as these are all elements of actual damages.

3. CODE 1906, SECTION 1985. *Prima facie negligence.*

    Code 1906, section 1985, providing that "proof of injury inflicted by the running of the locomotives and cars" shall make out a *prima facie* case of negligence is applicable as well where a crowd of witnesses see the injury as where the manner of the injury inflicted is not known to others than the employees of the railroad.

APPEAL from the circuit court of Quitman county.

HON. SAM C. COOK, Judge.

Suit by Will Hollingshed against the Yazoo & Mississippi Valley Railroad Company. From a judgment for a small amount for the plaintiff, he appeals.

The facts are fully stated in the opinion of the court.

*W. F. Gee* and *T. E. Williams,* for appellant.

In this case there can be no question of contributory negligence for the proof is all one way that plaintiff

below was in the camp cars on the spur track by the authority of the defendant and had been placed in that situation by the employes of defendant.

By the third, fourth and fifth instructions given for defendant, the court lays down the rule that before the plaintiff can recover it must appear from the evidence that the defendant was guilty of reckless misconduct, intentional wrong or gross negligence. These three instructions are in direct conflict with instruction No. 8 given for defendant and instruction No. 2 given for plaintiff wherein the court lays down the rule that plaintiff is entitled to recover if the defendant was guilty of lack of ordinary care and caution.

These instructions being in direct conflict left the jury no guide by which to arrive at a correct verdict and this is reversible error. 11 Ency. Plead. & Prac., p. 145; *Whitfield* v. *Westbrook,* 40 Miss. 311; *Railroad Co.* v. *Miller,* 40 Miss. 45; *Cunningham* v. *State,* 56 Miss. 269; *Railroad Co.* v. *Kendrick,* 40 Miss. 374; *Herndon* v. *Henderson,* 41 Miss. 584; *Solomon* v. *Compress Co.,* 69 Miss. 319.

Instruction No. 8 given for defendant is clearly erroneous because by it the jury is limited in the verdict it may render to fifty dollars for wages lost and twenty-seven dollars for medical attention and informed that it could not, in any event render a verdict in excess of this amount which was seventy-seven dollars. In giving this instruction the court evidently proceeded on the idea that as the declaration only alleged a loss of fifty dollars for lost time, the recovery could not be in excess of this sum. This was error. The mere fact that the plaintiff undertakes to enumerate some portion of his general damage which he might have proved without alleging will not preclude him from proving other general damage. 5 Ency. Plead. and Practice, p. 719.

Acting under this instruction the jury could not allow for physical suffering which they might have allowed un-

der the pleading and proof, but which they did not take into consideration as may be seen from the evidence. Plaintiff proved by his testimony that his medical bill was twenty-seven dollars and that he had lost wages amounting to one hundred and twelve dollars and fifty cents, being two and one half months at forty-five dollars per month. The verdict of the jury was for one hundred thirty-nine dollars and fifty cents, the exact amount the plaintiff testified he had lost in wages and in medical bills which clearly indicates that the jury followed the sixth instruction and did not allow for physical suffering. This instruction was erroneous. 13 Cyc., pages 185 and 186; *Railroad Co.* v. *Ragsdale,* 46 Miss. 458; Ency. Pleading and Practice, p. 717, vol. 5.

Defendant's instructions Nos. 4 and 5 should have been given by the court. The trial court evidently proceeded on the theory that as the declaration alleged gross negligence and proceeded on the theory of punitive damages, there could be no recovery of actual damages unless gross negligence should be shown. The case of *Silver* v. *Kent,* 60 Miss. 124, holds that under a declaration framed on the theory of gross negligence and punitive damages only, all actual damages may be recovered in case gross negligence is shown. 60 Miss. 124; *Telegraph Co.* v. *Jackson,* 49 So. Rep. 737.

Under the rule in this state where the declaration alleges mere negligence and damages are claimed without asking for punitive damages, yet the character of such negligence as gross may be shown and punitive damages recovered. *Express Co.* v. *Brown,* 67 Miss. 260.

If a plaintiff in his declaration may allege mere negligence and ask for damages generally, without asking for punitive damages, as he may do under the authority of *Express Co.* v. *Brown,* and yet recover punitive damages where warranted by the proof, then surely he may allege gross negligence and ask for punitive damages in his declaration, as well as actual damages, as in this case,

and where warranted by the proof recover actual damages although he may not be entitled to punitive damages.

The court erred in refusing the 4th instruction asked by plaintiff. This instruction announced that mere negligence and carelessness on the part of defendant would justify the jury in giving plaintiff actual damages.

It is clearly proven that plaintiff was lawfully in the camp cars by permission of the defendant, with its knowledge, and that the crew in charge of the local knew of the position and situation of plaintiff, and there is no question in the case of contributory negligence. Under these circumstances the conductor in charge of the local freight was bound to use great care and to notify plaintiff of the intention to switch. Elliott on Railroads, 1265, b, and 1265, c.

The verdict should be set aside because it is contrary to the evidence. The uncontradicted proof of plaintiff and Dr. Marshall showed plaintiff suffered great physical pain; and yet the jury only awarded plaintiff one hundred thirty-nine dollars and fifty cents, the exact amount plaintiff testified he lost in wages and medical attention, thus showing that the jury ignored the third instruction given for plaintiff and did not consider any damages arising from physical suffering. 13 Cyc., p. 185 and 186; *Railroad Co.* v. *Ragsdale,* 46 Miss. 458; Ency. Pl. & Prac., p., 717, vol. 5.

*W. A. Scott,* for appellee.

It does not appear that manifest harm or prejudice or wrong was done this appellant by the granting or refusing of any of the instructions complained of, and unless it does so appear, the rule of this court is not to disturb the verdict of the jury.

"Where a circuit judge is called upon in the excitement of a *nisi prius* trial to give a great number of instructions, this court is loath to reverse a case because of error

in some of them, unless it be manifest that prejudice has been done the accused." *Pollard* v. *State,* 53 Miss. 410.

"Error in refusing an instruction will not cause a reversal if the verdict is supported by the evidence." *Railroad Co.* v. *Field,* 46 Miss. 573.

After this court shall have read the evidence adduced in the court below I cannot believe there is any possibility of a reversal of this case, for, if the object of the courts is to dispense justice between parties litigant, it manifestly and undeniably appears in this case that this appellant succeeded in wresting from a jury a verdict for an amount largely in excess of what he was entitled to.

Nevertheless it is insisted by adverse counsel that reversible error was committed by the court in granting and refusing certain instructions pointed out in his assignment of error and brief. It is first said that the third, fourth and fifth instructions for the defendant are in direct conflict with the defendant's instruction 8 and the plaintiff's instruction 2, and that therefore the jury were not furnished with any guide by which they could or did arrive at a correct and proper verdict? To indicate how inaccurate opposing counsel are, it is only necessary to direct the court's attention to the language of plaintiff's instruction number 2 above mentioned, which reads as follows: "The court instructs the jury that if they believe from the evidence that the injury complained of was caused by the gross negligence and carelessness of the servants of the defendant in charge of the local freight train, and could have been avoided by ordinary care on the part of said servants, then the jury will find for the plaintiff and assess his actual damages at the amount shown by the evidence not in excess of the amount demanded in the declaration." This instruction so asked and given at the instance and request of the plaintiff is on all-fours with the defendant's instructions

Nos. 3, 4 and 5. Wherefore, we confidently assert that the plaintiff cannot take advantage of this supposed error upon which he mainly relies for a reversal of this case.

The rule in this regard as announced by this court is as follows:

"One cannot assign for error the action of the trial court in giving an instruction for the opposite side, when he asked and obtained, as announcing the law of the case, an instruction to the same effect." *Insurance Co.* v. *Van Os,* 63 Miss. 439; *Wilson* v. *Zueck,* 69 Miss. 694.

The rule as thus announced has been repeatedly reaffirmed by this court. In the case of *Hitt* v. *Jerry,* 92 Miss. 871, this court, in speaking of alleged erroneous instructions on pages 704 to 708 inclusive expressly laid down the rule here contended for, and at the bottom of page 707 say, referring to the sixth charge given for the appellee in the court below which was vigorously assailed in this court, as follows: "Another instance of both sides asking the same principles of law, and in identically the same language, and yet counsel for the proponent complain of the contestants for asking the court to charge the jury, and about the very same thing or a similar thing." See, also, to the same effect: *Railroad* v. *Scragg,* 84 Miss. 125, bottom p. 153 and p. 154.

In this connection it is insisted that the plaintiff was entitled to recover if the proof was sufficient to satisfy the jury that the appellee was guilty of mere negligence which was the proximate cause of the injury complained of. As to this proposition, we call the court's attention to the plaintiff's cause of action, as alleged in his declaration, but, in the language of the declaration: "Said collision was caused by the agents and employes of the defendant operating said freight in the line of their duty and scope of their employment as agents of the defendant, willfully and out of a spirit of utter disregard of the rights of the plaintiff and by reason of

their gross negligence and that of the defendant.'' To this declaration the defendant filed a plea, thus taking issue with the plaintiff upon the case as set forth in the declaration. It is not shown in this case that the wrong complained of was oppressively or willfully inflicted, but on the contrary it does appear that the alleged accident did not result from any oppressive, willful or reckless conduct or gross negligence upon the part of the appellee's employes. Therefore the case of *Silver* v. *Kent,* 60 Miss. 124, so much relied upon by counsel does not apply. In that case the evidence was clear and explicit that a willful and oppressive wrong had been committed, and the jury so found, and, therefore, this court announced the rule that if these allegations of willful wrong and gross negligence were sustained, then a verdict for compensatory damages might well be returned in favor of the plaintiff. However, it is well to again direct the court's attention to the fact that not only the issue between the plaintiff and the defendant in the court below was as to whether there was a willful wrong or any gross neegligence shown by the plaintiff's evidence, but the plaintiff himself asked instruction No. 2, under which the jury were told that they could not return a verdict in favor of the plaintiff for actual damages, unless they believed from the evidence that the appellee or its employés had been guilty of gross negligence.

The theory upon which the plaintiff below proceeded as shown by his declaration and his instruction No. 2 was that the injury complained of resulted from the willful wrong or gross negligence upon the part of the appellee or its employes, and in the language of Chief Justice Whitfield, it cannot be said in view of the course this case took in the court below, that the plaintiff can ask here for a reversal on the idea that the testimony entitled him to recover for actual damages if the proof showed that the appellee was only guilty of mere negligence.'' As stated by Judge Whitfield, the plaintiff

chose his line of battle in the court below, he stood on the alleged gross negligence of the railroad company and inasmuch as his instructions were along that line it is now too late to attempt to shift the ground on which a recovery is sought in this court for the first time. *I. C. R. R. Co.* v. *Sumrall,* 51 So. 545; *Ry. Co.* v. *Scragg,* 84 Miss. 125; *A. & M. R. R. Co.* v. *Beard,* 93 Miss. 294.

Instruction No. 8 given for the appellee is sharply criticised, but most woefully misinterpreted and the language used in that instruction misapprehended, as will be seen by a careful reading of the same. Said instruction as given and punctuated is as follows: "The court instructs the jury that if they believe from the evidence that the defendant's engineer did not use ordinary care and caution to avoid the collision which it is claimed resulted in injuring the plaintiff, they may then return a verdict against the defendant only for such actual damages as they may believe from a clear preponderance of the evidence he is entitled to; but the plaintiff is in no event entitled to recover an amount in excess of fifty dollars for his alleged loss of time and twenty-seven dollars due by him to the witness Marshall." Thus it will be seen at a glance that the jury were not limited in their verdict as contended for by adverse counsel. If, however, defendant's instruction No. 8 can by any stretch of the imagination be justly criticised, this court is not unmindful of the rule that all of the instructions in the case must be taken and considered as a unit and by referring to the plaintiff's instruction No. 3, it will appear therefrom that the supposed error in the defendant's instruction No. 8 was distinctly and positively cured, for, by this instruction 3 for the plaintiff the jury are distinctly told that in estimating actual damages, if they desired to return a verdict for such damages, they should take into consideration any physical suffering shown by the evidence to have been sustained by the plaintiff, etc.

"Complaint cannot be made of instruction by a party who has asked and received one substantially like it." *Phila. T. & W. B. Ry. Co.* v. *Howard,* 13 How. (U. S.) 307.

To permit the appellant to now take advantage of the supposed error of the court below in granting instructions Nos. 3, 4 and 6 for the appellee would, in view of instruction No. 2 asked and given him, permit any litigant to contest a case in the trial court on one theory, and, if unsuccessful there, secure in the appellate court a reversal of the judgment because of error in the legal principle which he had himself invoked, or at least acquiesced in as being both correct and applicable.

As to the alleged conflict in the instructions for the appellant and appellee, if any such conflict exists, it is due as much to the action of the appellant in asking and receiving instructions as to that of the appellee with reference to its instructions. As frequently stated, the appellant's instructions Nos. 3, 4 and 5 are substantially the same as the first part of instruction 8 asked and given the appellee. We therefore assert that the appellant cannot complain of such conflict in the instructions even though error may have been committed by the court below. *Clisby* v. *Railroad Co.,* 78 Miss. 937.

This is all the more true in this case because it is clear that the jury followed the correct rule of law and the result as indicated by their verdict is much more favorable to the appellant than he had any right to expect under the evidence. Again with reference to the instructions granted the appellant and appellee submitting the question of actual damages to the jury, they were under all of the facts and circumstances of this case very much more favorable than he was entitled to, and for that reason also he cannot be heard to complain. 2 Thompson on Trials, 1750; Thompson's Instructions to Juries, sec. 122; *Crisby* v. *Railroad,* 74 Miss. 977; *Andrews* v. *Condor,* 26 L. Ed. (U. S.) 90.

ANDERSON, J., delivered the opinion of the court.

The appellant, Will Hollingshed, sued appellee, the Yazoo & Mississippi Valley Railroad Company, for personal injuries, and recovered a judgment for one hundred and thirty-nine dollars and fifty cents, from which judgment appellant prosecutes this appeal.

At the time of the injury complained of, appellant was employed as a cook for a railroad logging crew. A part of this logging train consisted of two camp cars, in one of which appellant did the cooking for the employes. These two camp cars, at the time of the injury, were standing on a spur track of appellee's railroad, and appellant was in one of them, engaged about his duties. While so situated and engaged, one of appellant's trains, in making a flying switch (the place being without the limits of any municipality), ran an engine onto this spur track, where the camp cars were standing, which collided with them; the impact causing appellant's injuries. He was thrown to the floor, causing a fracture of three ribs, which confined him to his bed about two months. Appellant testified that the employes in charge of the train making the switch saw him in the camp car before the switch was made, and that in addition to and as a result of his physical injuries he paid twenty-seven dollars for medical attention, and lost two and one-half months time, which he valued at one hundred and twelve dollars and fifty cents, making a total of one hundred and thirty-nine dollars and fifty cents, the amount of the verdict in his favor.

The declaration charges that appellant's injuries were the result of a flying switch; that appellee's employes, in charge of the train making such flying switch, knew that appellant was in the camp car, and in making the switch, under the circumstances, such employes were grossly negligent, and acted willfully and out of a spirit of disregard for the rights of appellant. By instructions numbered 1, 3, 4, and 5, the jury were directed to return a

verdict in favor of appellee, unless appellant's injuries were caused intentionally, or through the gross negligence of appellee's employes. By instruction No. 4, refused by the court, appellant sought to have the jury instructed to return a verdict in his favor for compensatory damages, if the evidence showed the injury was caused by the negligence of appellee's employees.

In giving and refusing these instructions, respectively, the court below manifestly acted on the theory that appellant was not entitled to recover anything, unless intentional wrong or gross negligence was shown, because such wrong and negligence was the sole ground of recovery set out in his declaration; that under a charge of intentional wrong and gross negligence there could be no recovery for actual damages, even though negligence had been proven. An allegation of gross negligence includes negligence. The greater includes the less. Both are negligence. They only differ in degree. In *Silver* v. *Kent,* 60 Miss. 124, it was held, where the declaration charged that the injury complained of was done intentionally, and through gross negligence and a reckless disregard of plaintiff's rights, a recovery could be had for compensatory damages. Under the declaration and the evidence in this case, the appellant had the right to have submitted to the jury in addition to the question of punitive damages, the question of compensatory damages; and in determining the latter the jury should have been instructed to take into consideration whatever the evidence showed appellant incurred as necessary expenses, including medical bills and loss of time, and, in addition, any physical and mental suffering shown by the evidence to have resulted from the injury. It follows that the court erred in giving instructions numbered 1, 3, 4 and 5 for appellee, and in refusing instruction No. 4 for the appellant.

By instruction No. 8, for the appellee, the jury were informed that, if the evidence showed the injury com-

plained of to be the result of a want of ordinary care alone on the part of appellee, then their verdict should be limited to the amount of appellant's medical bill and the value of the time lost by him.  This instruction is erroneous, because, in addition, the appellant was entitled to full compensation for any physical and mental suffering the evidence showed resulted from the injury. Physical pain, and mental suffering as the result thereof, are elements of actual damages.

. By instruction No. 5, refused by the court, the appellant sought to avail himself of section 1985, Code of 1906, which provides that "proof of injury inflicted by the running of the locomotives or cars" shall make out a *prima facie* case of negligence.  The appellant was clearly entitled to the benefit of this statute.  He was injured by the running of appellee's locomotive.  There is no dispute about that.  The statute applies, regardless of whether the facts attending the injury are in evidence or not.  In *Y. & M. V. Railroad Company* v. *Phillips*, 64 Miss. 693, 2 South. 537, the court said: "The statute was enacted to meet cases where the manner of the injury inflicted is not known to others than the employes of the railroad company; but it is equally applicable where a cloud of witnesses see the injury.  It is not needed there, it is true; but it is not error to invoke it, for the law affects the railroad company with liability, *prima facie*, in every case of injury inflicted by the running of its locomotives or cars.  If the evidence showing the injury inflicted rebuts the presumption, well; but, if it does not ,the presumption created by law from the fact of the injury in this mode is to stand and control."  It was, therefore, error to refuse this instruction.

*Reversed and remanded.*