NEW ORLEANS & G. N. R. Co. v. WALDEN.

(En Banc. March 23, 1931.)

[133 So. 241. No. 28713.]

Flowers, Brown & Hester and Green, Green & Potter, all of Jackson, for appellant.

**M. S. McNeil,** of Hazlehurst, for appellee.

Argued orally by **Marcellus Green**, for appellant.

**Smith, C. J.**, delivered the opiinon of the court.

The appellant's railroad crosses a street in George-town, Miss., and, on the occasion in question, the appellee was driving an automobile along this street, and, while attempting to cross the railroad track, was struck by one of the appellant's cars, equipped for regular passenger traffic, and moving under its own power, to-wit, a gasoline motor, for which injury the appellee was awarded damages in the court below.

Both the appellee and the appellant introduced evidence setting forth what each claimed where the facts and

circumstances of the infliction of the appellee's injury, in which evidence there were several material conflicts.

The statute now appearing as section 1580, Code of 1930, provides that:

"In all actions against railroad corporations and all other corporations, companies, partnerships and individuals using engines, locomotives, or cars of any kind or description whatsoever, propelled by the dangerous agencies of steam, electricity, gas, gasoline or lever power, and running on tracks, for damages done to persons or property, proof of injury inflicted by the running of engines, locomotives or cars of any such railroad corporations or such other corporation, company, partnership or individual shall be prima facie evidence of the want of reasonable skill and care of such railroad corporation, or such other corporation, company, partnership or individual in reference to such injury."

The court below charged the jury for the appellee as follows:

"The court further charges the jury for the plaintiff that while proof of the injury by the running and operation of the train of defendant is prima facie evidence that the same was the result of negligence of the defendant, yet when you have heard all of the facts and circumstances, if you can determine from such facts and circumstances whose negligence and carelessness was the cause of the injury, then this presumption of carelessness must yield to the facts and you must decide the case upon the facts and not upon the presumption. However, if there is such a conflict of facts and theories between the testimony of the plaintiff and the testimony of the defendant as to prevent you from being able to determine how the injury was inflicted, then you must apply the inference of negligence against the railroad company and render a verdict for the plaintiff."

The court below refused the appellant an instruction on the effect of the prima facie presumption created

by the statute materially different from the one granted the appellee.

The appellee's instruction is challenged on two grounds: (1) It is not warranted by the statute; and (2) if warranted thereby, then the statute violates the due process of law clauses of the state and Federal Constitutions (Const. Miss., art. 3, section 14; Const. U. S. Amend. 14). This instruction is supported by Alabama & V. R. Co. v. Thornhill, 106 Miss. 387, 63 So. 674, 678, and by Columbus & G. R. Co. v. Fondren, 154 Miss. 40, 121 So. 838, both of which decisions must necessarily be re-examined in the light of the recent decision of the Supreme Court of the United States in Western & Atlantic R. R. v. Henderson, 279 U. S. 639, 49 S. Ct. 445, 447, 73 L. Ed. 884. This examination will bring under review practically all of this court's decisions construing the statute.

In Mobile, J. & K. R. Co. v. Turnipseed, 219 U. S. 35, 31 S. Ct. 136, 138, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463, 2 N. C. C. A. 24, it was said, and the court evidently was of the opinion that this court had also said, that: "The statutory effect of the rule is to provide that evidence of an injury arising from the actual operation of trains shall create an inference of negligence, which is the main fact in issue. The only legal effect of this inference is to cast upon the railroad company the duty of producing some evidence to the contrary. When that is done the inference is at an end, and the question of negligence is one for the jury, upon all of the evidence." For that reason the statute was held not to violate the due process clause of the Federal Constitution, the court saying that: "The statute does not, therefore, deny the equal protection of the law, or otherwise fail in due process of law, because it creates a presumption of liability, since its operation is only to supply an inference of liability in the absence of other evidence contradicting such inference."

In Western & Atlantic R. R. v. Henderson, supra, the court had under consideration a prima facie evidence statute of the state of Georgia, under which the burden of proof shifts from the plaintiff to the defendant, and imposes upon him the burden of overcoming the plaintiff's prima facie case by a preponderance of the evidence. In holding this statute void under the due process clause of the Federal Constitution, the court distinguished it from the statute here under consideration, pointing out that: "The Mississippi statute created merely a temporary inference of fact that vanished upon the introduction of opposing evidence." In support of this statement, the court cited Gulf, M. & N. R. Co. v. Brown, 138 Miss. 39, 102 So. 855, and Columbus & G. R. Co. v. Fondren, 145 Miss. 679, 110 So. 365, both of which are in conflict with the Thornhill Case and the cases on which it is based, and both of which were afterward overruled, the Fondren case expressly in Columbus & G. R. Co. v. Lee, 149 Miss. 543, 115 So. 782, and the Brown case by necessary implication in Columbus & G. R. Co. v. Fondren, 154 Miss. 40, 121 So. 838.

The effect of the instruction granted the appellee, the plaintiff in the court below, was to shift the burden of proof from him to the appellant, the defendant in the court below, and to impose upon it the burden of overcoming the plaintiff's prima facie case by a preponderance of the evidence, in direct conflict with the holding of the Supreme Court of the United States in Western & Atlantic R. R. v. Henderson, supra, and therefore, if permitted by the statute, renders it void under the due process clause of the Federal Constitution. The instruction imposed an even greater burden on the appellant, as will hereinafter appear.

It will be helpful here to determine what the words "prima facie evidence" in the statute mean. In 5 Wigmore on Evidence (2 Ed.), section 2494, it is said:

"The term, 'prima facie evidence' or 'prima facie case,' is used in two senses, . . . (1) In discussing presumptions, the term 'prima facie' is sometimes used as equivalent to the notion of a presumption, even in the strict sense of a ruling of the judge putting upon the opponent the duty of producing evidence. In other words, the term is thus applied to the stage of the case . . . where the proponent, having the burden of proving the issue (i. e. the risk of non-persuasion of the jury) has not only removed by sufficient evidence the duty of producing evidence to get past the judge to the jury, but has gone further, and . . . by means of a presumption . . . has entitled himself to a ruling that the opponent should fail if he does nothing more in the way of producing evidence." And, in section 2491, that "the peculiar effect of a presumption 'of law' (that is the real presumption), is merely to invoke a rule of law compelling the jury to reach the conclusion in the absence of evidence to the contrary from the opponent. If the opponent does offer evidence to the contrary (sufficient to satisfy the judge's requirement of some evidence), the presumption disappears as a rule of law, and the case is in the jury's hands free from any rule." For this parenthetical clause we would substitute the words, "sufficient prima facie to rebut it."

This text is abundantly supported by judicial decisions cited in the notes thereto, and is in accord with Tyler v. Herring, 67 Miss. 169, 6 So. 840, 19 Am. St. Rep. 263; Sheehan v. Kearney, 82 Miss. 688, 21 So. 41, 45, 35 L. R. A. 102; Alabama & V. R. Co. v. Groome, 97 Miss. 201, 52 So. 703; 1 Jones on Evidence (2 Ed.), section 31; 1 Elliott on Evidence, section 91; 1 Chamberlayne on Evidence, section 1085; 22 C. J. 79. See, also, a discussion of the relation of this statute to the burden of proof by Judge W. W. Venable in 2 Miss. Law Journal, 384.

In Rutland Ry., Light & Power Co. v. Williams, 90 Vt. 276, 98 A. 85, 87, the court had under consideration the

effect of a prima facie presumption of payment, and the court there said: "When the party having the burden of establishing the issue of payment has adduced sufficient evidence to support the presumption of payment he has made out a prima facie case and need go no further, until his adversary brings forward evidence tending to rebut it. At that point the burden of evidence shifts, and the prima facie case will become the established case, if nothing further appears. But when evidence tending to show the contrary is introduced, the presumption is functus officio, so far as sustaining the burden of evidence is concerned, and the party who has the burden of proof must then meet the counter proof and sustain the issue by a preponderance of the evidence."

This was the construction put on the statute in Vicksburg & M. R; Co. v. Phillips, 64 Miss. 693, 2 So. 537, 539. Unfortunately, however, an error was there committed which appears harmless on the face of the opinion, but which, undoubtedly, has led to the confusion and inconsistencies in the later decisions of this court dealing with the question, and without which the instructions as to the effect of the statutory presumption passed on in most of this court's decisions on the statute would not even have been requested by counsel. In the Phillips case, supra, all the facts and circumstances of the plaintiff's injury were in evidence, and the court said that, "when the facts appear, no matter how, it is a question determinable from them whether or not there was want of reasonable skill and care. . . . Presumption must yield to facts where they are all known," thereby holding, in effect, that the case was before the jury freed from the statutory presumption; nevertheless it approved the following instruction granted the plaintiff: "Ordinarily, the burden of proof is upon a plaintiff throughout to establish his right to a recovery, but in this case the jury is instructed that if the plaintiff has proved that the injury complained of in the declaration was inflicted on

the track of the railroad company and by the running of its locomotive or cars, this is prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury and imposes the burden of proof upon the defendant to show that it was not guilty of negligence as to this.'' After approving this instruction, the court said, in substance, that the defendant would have been entitled to obviate its effect on the jury by requesting an instruction, which it would have been the duty of the court to grant, charging the jury ''that when the circumstances accompanying the infliction of injury by the running of locomotive or cars are in evidence before them, it is for them to decide the question of skill and care in reference to the injury from those circumstances.'' If, ''when the facts appear, no matter how, it is a question determinable from them whether or not there was want of reasonable skill and care,'' as the court there said, and as the great weight of authority holds, no necessity arises when the facts appear for instructing the jury on the statutory presumption at all, and none such should be given. 1 Elliott on Evidence, section 90.

In the language of the Supreme Court of Missouri, in State ex rel. v. Ellison, 268 Mo. at page 257, 187 S. W. 23, 26: ''To say . . . in an instruction to a jury, in the case of a rebuttable presumption, and when evidence has been introduced upon the question, that 'the law presumes' so and so, and that such presumption 'must be overcome' or 'overthrown' by evidence, is sometimes useless, sometimes prejudicial, and always illogical.'' Such an instruction is apt to cause the jury to understand, not only that it has a right to resort to the presumption as an aid in deciding the case, but that the presumption has shifted to the defendant the burden of proving that it was not guilty of negligence in connection with the infliction of the plaintiff's injury. The

instruction approved in the Phillips case expressly so
charged the jury, and was so understood by this court in
later decisions exemplified by New Orleans & N. E. R.
Co. v. Brooks, 85 Miss. 269, 38 So. 40, wherein it was
held that, in order to rebut the statutory presumption, the
defendant must not only prove the facts, and circum-
stances of the plaintiff's injury, but such facts and cir-
cumstances, when proven, must disclose that the defend-
ant was not negligent in reference to the infliction of
the injury. The rule announced and applied in this line
of cases was modified in Alabama G. S. R. Co. v. Dan-
iell, 108 Miss. 358, 66 So. 730, 732, the court there hold-
ing that the statutory presumption imposes on the de-
fendant the burden only of proving the facts and cir-
cumstances of the plaintiff's injury, and that the jury's
verdict must "then be according as they (the facts and
circumstances) disclose the presence or absence of due
care on the part of the defendant."

In Alabama & V. R. Co. v. Thornhill, supra, the court
reviewed its prior decisions construing the statute, and
gave a resume of the rules deducible therefrom. Six
such rules were there set forth, among which are the
following:

"(1) Proof of injury inflicted by the running of de-
fendant's cars is prima facie evidence of negligence,
and unexplained, entitles the plaintiff to judgment.

"(2) When the facts and circumstances under which
the injury was inflicted have been ascertained, the pre-
sumption of negligence created by the statute disappears,
and the defendant's negligence vel non must then be de-
termined alone from such facts and circumstances . . . .

"(5) Even though the facts and circumstances are
in evidence, and although there may be no conflict therein
as to what these facts and circumstances are, unless they
justify the court in directing a verdict, it is proper to
charge the jury on request of the plaintiff that proof
of injury by the running of the cars is prima facie evi-

dence of negligence, and on request of defendant that since the facts and circumstances under which the injury was inflicted are known, they will determine whether or not the defendant was negligent solely therefrom without resorting to any presumption of negligence.

"(6) Where . . . there is a dispute as to the facts and circumstances under which the injury was inflicted, it cannot be said that they are known in the legal sense until they have been found by the jury, and, if the jury is unable, for any reason, to determine from the evidence what the facts and circumstances are, they never, in the legal sense, become known, and consequently in such a case the inference of negligence drawn from the infliction of the injury remains in effect and determines the defendant's liability."

The last of these rules had not been specifically announced in former decisions, but was necessarily implied in some of them. For instance, in Kansas City, M. & B. R. Co. v. Doggett, 67 Miss. 250, 7 So. 278, an instruction was approved which, after charging that proof of the injury complained of by running of the locomotive and cars of the defendant was prima facie evidence that it was negligently inflicted, and imposed upon the defendant the burden of showing to the satisfaction of the jury that the injury could not have been prevented by the exercise of reasonable care, concluded as follows: "If upon this point, as to exercise of reasonable care and diligence by defendant, the weight of evidence and credibility of witnesses is equally balanced, then the law is for the plaintiff, and the jury must so find."

The sixth rule of the Thornhill case, though recognizing the propriety of excluding the statutory presumption from the consideration of the jury, after it has determined what the evidence discloses the facts and circumstances of the injury to be, applies the presumption when the jury is unable to determine from the evidence,

because of conflicts therein, what such facts and circumstances are. This rule not only shifts the burden of proof, in the full sense of that term, to the defendant, but permits the jury to return a verdict without discharging its fundamental and elementary duty of deciding disputed questions of fact. The true rule is, always and everywhere, that, when a jury is required to decide a question of fact on conflicting evidence, it should reconcile the conflicts therein, if it can, but, if it cannot, it must decide the facts in accordance with the preponderance of the evidence; for the party on whom the burden of proof rests when, but not unless, the evidence preponderates in his favor; the jury being the judge of the credibility of the witnesses and the weight to be given their evidence. Until the jury decides the facts in dispute, no verdict can be returned by it. This rule is so obvious and so universally recognized that this court has, at least twice, and probably three times, applied it in cases arising under the statute. Gulf, M. & N. R. Co. v. Brown, 138 Miss. 39, 102 So. 855; Columbus & G. R. Co. v. Fondren, 145 Miss. 679, 110 So. 365, and Davis v. Temple, 129 Miss. 6, 91 So. 689. When the case of Columbus & G. R. Co. v. Fondren, in 145 Miss. 679, 110 So. 365, came under review in Columbus & G. R. Co. v. Lee, 149 Miss. 543, 115 So. 782, the court was confronted with the necessity of either overruling that case or Vicksburg & M. R. Co. v. Phillips, 64 Miss. 693, 2 So. 537, and the long line of cases based there, and, for the reasons set forth in its opinion, the court decided that its duty was to overrule the former and adhere to the latter. The Western & Atlantic R. R. v. Henderson case, supra, had not then been decided. The sixth rule in the Thornhill case comes clearly within the condemnation of the Henderson case, and if that rule is based on a correct interpretation of the statute, then the statute also comes within its condemnation. But, as hereinbefore set forth, that rule is not based on a correct interpretation of the statute,

and therefore it becomes our imperative duty to overrule the cases announcing or applying it.

It may be that the fifth rule in the Thornhill case does. not violate the due process clause of the Federal Constitution, but, as hereinbefore pointed out, it is not properly deducible from the statute, and has been the basis of all of the conflicting decisions dealing with the statute by which its construction was brought within the condemnation of that clause of the Federal Constitution, and therefore being manifestly erroneous, and experience having demonstrated it to be mischievous, it is our duty to overrule the Thornhill and all other decisions of this court to the extent that they announce or apply that rule.

That we may not be misunderstood, we hereby expressly overrule the Thornhill and other cases announcing or applying the two rules of the Thornhill case hereinbefore numbered 5 and 6.

There may be cases in which the statutory presumption controls, although rebutting evidence has been given by the defendant; for example, when the plaintiff's evidence does not disclose the facts and circumstances of his injury, and the jury has the right to, and does, reject the defendant's rebutting evidence. New Orleans, M. & C. R. Co. v. Harrison, 105 Miss. 18, 61 So. 655. What form the court's instruction to the jury, if any, should take in such a case is not before us, and no opinion is expressed thereon. What we here hold, and all we do now hold, is that when, in an action for damages from an injury of the character described in the statute, the facts and circumstances of the injury are given in evidence by the plaintiff at any stage of the trial, whether it conflicts with similar evidence of the defendant or not or are given in evidence by the defendant only, and which evidence the jury is without the right to reject, no instruction should be given to the jury on the statutory presumption.

It follows from the foregoing views that the court below erred in granting the appellant's instruction, but did not err in refusing the instruction requested by the appellee.

Reversed and remanded.

McGowen, J., delivered the dissenting opinion.

For more than half a century this court with reasonable uniformity, has adopted the view of the prima facie statute as restated by this court in the case of Alabama & V. R. Co. v. Thornhill, 106 Miss. 387, 63 So. 674. The exceptions or departures from the rule have been noted in the main opinion.

The prima facie statute, appearing as section 1059 of the Code of 1880 was first construed by this court in the case of Chicago, St. Louis & New Orleans R. Co. v. Packwood, 59 Miss. 280, wherein Chief Justice CHALMERS said:

"Section 1059 of the Code of 1880 provides that where satisfactory proof has been made of injury to person or property by the running of the locomotives of a railroad company, it shall be prima facie evidence of negligence on the part of a railroad company. *This, of course throws on the company when sued, and when such evidence has been adduced, the burden of rebutting this presumption and of establishing by evidence that there has been no negligence on the part of its employees.*" (Italics ours.)

In the case of Kansas City, M. & B. R. Co. v. Doggett, 67 Miss. 250, 7 So. 278, this part of an instruction was assigned as error in this court: "If upon this point, as to exercise of reasonable care and diligence by defendant, the weight of evidence and credibility of witnesses is equally balanced, then the law is for the plaintiff, and the jury must so find."

Chief Justice Woods there said: "The fourth instruction for plaintiff was not improperly given. The evidence of the witness Box shows that the tracks of these animals were seen, directly after the injuries, running down the track, for about 300 feet, to the trestle, where they were caught. The counsel for appellant insists that the witness did not mean this. We can only reply that, as it is so written in the record, we feel bound to adhere to it, and to give it its natural meaning. In view of this testimony, the instruction rightfully submitted the settlement of the discrepancy to the jury." And the first syllabus fully sustained and reinforces the declaration in the opinion and the previous announcement in the Packwood and other cases.

This court reversed one case at the instance of the appellant, a plaintiff in the court below, because the trial court had refused to instruct the jury that the prima facie statute applied therein and thereto when there was conflict in the evidence as to how the injury occurred. In Hollingshed v. Yazoo & M. V. R. Co., 99 Miss. 469, 55 So. 40, 41, Judge Anderson, as the organ of the court, used this language:

"By instruction No. 5, refused by the court, the appellant sought to avail himself of section 1985, Code of 1906, which provides that 'proof of injury inflicted by the running of the locomotives or cars' shall make out a prima facie case of negligence. The appellant was clearly entitled to the benefit of this statute. He was injured by the running of appellee's locomotive. There is no dispute about that. The statute applies, regardless of whether the facts attending the injury are in evidence or not. In the V. & M. R. Co. v. Phillips, 64 Miss. 693, 2 So. 537, the court said: 'The statute was enacted to meet cases where the manner of the injury inflicted is not known to others than the employees of the railroad company; but it is equally applicable where a cloud of

witnesses see the injury. It is not needed there, it is true; but it is not error to invoke it, for the law affects the railroad company with liability, prima facie, in every case of injury inflicted by the running of its locomotives or cars. If the evidence showing the injury inflicted rebuts the presumption, well; but, if it does not, the presumption created by law from the fact of the injury in this mode is to stand and control.' It was, therefore, error to refuse this instruction.''

As I see it, the mischief found by the majority of my brethren as to rules 5 and 6 of the Thornhill case flowed from the pen of Mr. Justice CAMPBELL in 1887, above quoted from the Phillips case. If mischievous it is, it has stood out like a mountain peak, although consistently and continuously assaulted by the railroad companies through their well-chosen attorneys in this court. It stands out as clearly as the noonday sun on an unclouded day.

No new mischief has arisen, and my position in opposing this sudden and drastic change in a fixed rule of law brings to mind the injunction of Holy Writ, found in Proverbs, 22, 28: ''Remove not the ancient landmark which thy fathers hath set.''

In the case of Mobile, J. & K. C. Railroad Co. v. Hicks, 91 Miss. 373, 46 So. 360, 392, 124 Am. St. Rep. 679, Chief Justice WHITFIELD said: ''We now hold, that the statute was intended to establish a rule of prima facie evidence of liability on the part of the company itself in favor of those named in the statute. It should have been interpreted precisely as if it had been written thus: 'Proof of injury inflicted by the running of locomotives or cars of such company shall be prima facie evidence of liability on the part of the company.' That was plainly the thought and the purpose dominating the statutes, and that purpose should have been given effect, and the awkwardness of the legislative language disregarded. To all which it may be added that, since the proof clearly

shows the negligence of both the master and the engineer caused the injury, appellees were under no necessity of invoking this presumption at all.''

In the Hicks case there was a conflicting issue of facts submitted to the jury. It is stated in the brief that twenty witnesses told the jury how the injury occurred. The prima facie instruction was given and the action of the lower court was approved and the case affirmed. The instruction is found in the brief of appellant as follows: ''The jury is instructed, for plaintiff, that under the laws of this state proof of injury inflicted by the running of a train makes a prima facie case of negligence on the part of the railroad company, and it having been shown in this case that Hicks was injured by the running of a train, the burden is on the defendant to meet this prima facie case and show the facts that exculpate it, and if the evidence does not show absence of negligence on the part of the defendant, or unless it shows the existence of contributory negligence on the part of Hicks, the jury must find for plaintiffs.''

Subsequently, this case was appealed to the Supreme Court of the United States and there reviewed as Mobile J. & K. C. R. Co. v. Turnipseed, 219 U. S. 35, 31 S. Ct. 136, 138, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463, Turnipseed having been appointed administrator of the estate of Ray Hicks. In that court, it was argued and presented to that court 'that the construction thus placed upon the prima facie statute, as reflected by the instruction quoted supra, rendered the statute void, as being violative of the due process of law and equal protection of the law clause of the Fourteenth Amendment, in which case the court said: ''That the legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law, it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the in-

ference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate. So, also, it must not, under the guise of regulating the presentation of evidence, operate to preclude the party from the right to present his defense to the main fact thus presumed. If a legislative provision not unreasonable in itself, prescribing a rule of evidence, in either criminal or civil cases, does not shut out from the party affected a reasonable opportunity to submit to the jury in his defense all of the facts bearing upon the issue, there is no ground for holding that due process of law has been denied him. Tested by these principles, the statute as construed and applied by the Mississippi court in this case is unobjectionable. It is not an unreasonable inference that a derailment of railway cars is due to some negligence, either in construction or maintenance of the track or trains, or some carelessness in operation. From the foregoing considerations it must be obvious that the application of the act to injuries resulting from 'the running of locomotives and cars' is not an arbitrary classification, but one resting upon considerations of public policy, arising out of the character of the business.''

If Judge LURTON, as the organ of the court in the Hicks case, upheld the statute at that time as not violating the Fourteenth Amendment upon the maxim of res ipsa loquitur, he carefully did not say so. The prima facie instruction was given therein. It was a case where there was conflict in the testimony, and where it was asserted that all the facts had been made known, and, if the maxim of res ipsa loquitur settled that case, then it may be well said that all that court then said relative to the constitutionality of the statute was obiter dictum. In this view, we do not concur. The classification and presumption, as we view the decision, arose from the operation of the trains or cars, with resultant injuries therefrom, which operation was then considered dangerous, and which danger has never lessened in the years that have intervened.

In the Thornhill case, Chief Justice SMITH, having in mind the decisions of the Supreme Court of the United States in the Turnipseed case, collated our decisions and announced rules fairly deducible from those decisions, as stated in the opinion, with additional cases which we have cited. These deductions, six in number, were later reaffirmed and reapproved in the case of Columbus & G. Ry. Co. v. Lee, 149 Miss. 543, 115 So. 782, 783, by the court in banc, without dissent, and all the judges of this court, since the year 1881, fifty years ago, have participated in, and been parties to, the construction placed upon the statute in the Thornhill and Lee cases and many others.

Recognizing, as I do, the force, weight and consequences of the judgment of the Supreme Court of the United States in the case of Western & Atlantic R. R. v. Henderson, 279 U. S. 639, 49 S. Ct. 445, 73 L. Ed. 884, still I am persuaded that this court is not warranted in striking down all cases reaffirming the construction placed upon the statute in the Thornhill case subsequent to and including the Packwood case, supra, on account of anything said in the opinon in the Henderson case; and, if it be that the construction adhered to would result in invalidating the statute, still I think the question should finally be settled and determined by the highest tribunal. It is clear that all the judges, since 1880, have had in mind the Federal Constitution, and especially the Fourteenth Amendment, on this question. I think the Henderson case is limited, both by its syllabus and opinion, to the facts therein stated. The instruction on Georgia's prima facie statute told the jury, in effect, that they were required to adopt conflicting and illogical theories of negligence as shown by the pleadings, in which they were virtually told that the engineer saw and did not stop his train, and in another that the engineer's eyesight was bad and he could not see; and, from these irreconcila-

ble allegations, the jury were warranted in presuming negligence arising from either or both of these conflicting allegations of negligence; and it certainly does appear that the court there had in mind only one character of injury—a collision at a railroad crossing. Judge Butler specifically does not overrule the announcement in the Turnipseed case, and so long as that case stands, I think we are warranted in upholding the view entered by this court, as approved in the Turnipseed case.

It is my judgment that the prima facie statute ghost will not down, and that, eventually, the highest tribunal will, of necessity, be called upon to pass on the application of the prima facie statute, and the case at bar, no doubt, would evoke from that court a clear-cut statement which would settle, for all time to come, vexatious questions which are arising, and which will hereafter arise, as to the application of this statute.

If the prima facie statute can only be applied when the maxim res ipsa loquitur is applicable, then the statute is unless, and it is to the interest of litigants that the validity, vel non, of the statute be finally and authoritatively settled.

For the reason that our view has been entertained for so long a time, and has been so often upheld by our court, and retaining in mind its approval in the Turnipseed case, I think the rule of stare decisis should apply to this case, and I therefore dissent.

Cook, J., joins in this dissent.